**Raymond Edward FRENCH, Appellant,**

v.

**Carrell Lee GRIGSBY, Appellee.**

**No. 8128.**

Court of Civil Appeals of Texas, Beaumont.

June 8, 1978.

Rehearing Denied June 29, 1978.

T. P. Flahive, Austin, for appellant.

Mack Kidd, Austin, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment entered after a trial to a jury. Plaintiff recovered damages for personal injuries sustained when her motorcycle struck defendant's automobile. Defendant's answer pleaded several specific acts of negligence on plaintiff's part and also pleaded that plaintiff had the last clear chance to avoid the accident.

The jury found that defendant was negligent in several particulars which proximately caused the accident and acquitted plaintiff of all acts of contributory negligence.

■ The trial court refused defendant's requested issues tendering the last clear chance theory and this forms the basis of defendant's first point of error. We overrule such point and in doing so adopt the rationale of the concurring opinion of Justice Pope in *Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627, 633–635 (Tex. 1976). See also *de Anda v. Blake,* 562 S.W.2d 497, 499 (Tex.Civ.App.—San Antonio 1978, no writ). The doctrine of last clear chance is no longer viable as a defensive issue in Texas.

In his amended motion for new trial, the defendant charged that the jury was guilty of misconduct which resulted in probable injury. The trial court heard ten of the jurors at the hearing on the motion and filed extensive findings of fact and conclusions of law. The only complaint warranting a discussion is that relating to a statement made by a juror with reference to payments by the Veterans Administration. Some of the court's findings are set out in the margin.[1]

1. "One juror made a statement concerning the manner in which an injury of the kind suffered by the plaintiff would be handled by the Veterans Administration, and that juror mentioned a specific sum, substantially in excess of $200.00, which would be received each month from the Veterans Administration for such an injury.

"The juror's statement concerning the Veteran's Administration was made while the jury was considering the damages issues, and after the jury answered all of the damages issues other than the three damages issues on physical impairment and past and future pain and mental anguish.

"After the mention of the Veteran's Administration there was discussion of 'a monthly figure'; and the foreman, Mr. Hall, wrote down the figure of $200.00; and during the discussion that figure was multiplied by twelve months; that figure ($2400.00) was rounded off to $2500.00, which was multiplied by fifty years, 'to come up with $125,000.00'. The jury allocated that amount of $125,000.00 to its answers on physical impairment and past and future physical pain and mental anguish."

The jury "allocated" $125,000 as follows:

Past physical pain and mental anguish: $10,000;

Future physical pain and mental anguish: $40,000;

Physical impairment: $75,000.

The first conclusion of law reads:

"There was no jury misconduct except the statement concerning the Veterans Administration, and that statement did constitute jury misconduct."

Finally, the trial judge concluded:

"The evidence at the hearing on the motion for new trial and at the trial, and the record as a whole, do not demonstrate that injury probably resulted to the defendant by reason of the jury misconduct."

In *Scoggins v. Curtiss & Taylor,* 148 Tex. 15, 219 S.W.2d 451, 452 (1949), the Court said:

"The question whether injury probably resulted to the complaining party from the misconduct is a question of law to be decided in the first instance by the trial court and on appeal by the reviewing court."

See also *Central Power & Light Co. v. Freeman,* 431 S.W.2d 897, 898 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.); J. Pope, "Jury Misconduct and Harm," *12 Baylor L.Rev.* 355, 356 (1960).

■ The party asserting misconduct has a further burden as stated in *Fountain v. Ferguson,* 441 S.W.2d 506, 507 (Tex.1969):

"The one complaining about jury misconduct has the burden to prove the overt act of misconduct, that it was material misconduct, and 'from the record as a whole that injury probably resulted.' Rule 327, T.R.C.P. . . . ."

For a detailed statement of the rules governing such a contention, see the discussion in *Baucum v. Statewide Hot Shot,* 550 S.W.2d 156, 159 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.).

After a careful review of the evidence adduced on the hearing of the motion for new trial, we are not convinced that defendant sustained the burden imposed upon him by the series of cases noted above. He did establish, as the trial court found, that the jury received new evidence during their deliberations; but it is apparent that the jury simply adopted the period of time used by the Veterans Administration—that is, a monthly interval for the determination of pain, physical impairment, etc. There is no positive statement from any juror as to the precise amount which the Veterans Administration would pay under such circumstances. Nor has there been a showing that the $200 per month figure (or the "rounded off" $2500 annual figure) was based upon evidence relating to the Veterans Administration.

■ The record as a whole, including the evidence heard at the hearing on the motion, does not establish that the trial was materially unfair to the defendant. Point four is overruled. *St. Louis Southwestern Railway Co. v. Gregory,* 387 S.W.2d 27, 31 (Tex.1965).

■ Defendant's fifth point complains of error on the part of the trial court in entering judgment for the total damages set by the jury "because this amount was not based on the evidence, but was the result of passion or prejudice." Defendant submits this point along with his point complaining of jury misconduct but does not refer to any record reference supporting his claim of passion or prejudice. He does argue that the individual jurors did have trouble fixing the amount of the "intangibles" (pain and mental anguish and physical impairment) and that they discussed their answers to the three special issues jointly and then "allocated" their total finding among the three issues—all as set out in the court's findings.

No supporting authorities are cited and we find no merit to the complaint and it is overruled.

We turn now to a consideration of defendant's second and third points of error by which he contends that the jury's finding of $75,000 damages for physical impairment as a separate and distinct element of

damages was supported by no evidence; or, alternatively, was against the great weight and preponderance of the evidence.

The jury had for its consideration nine elements of damages for which the court authorized it to award sums of money to the plaintiff. It denied any recovery for loss of household services in the past or future and fixed the amount of damages of $212,878.32, apportioned as set out in the margin.[2] The charge did not contain any definitions or instructions with reference to the several elements of damages; but, defendant interposed no objections to the charge.

We do not pause to discuss the question of waiver of the points now under consideration[3] but turn directly to the disposition of the questions presented by the brief of appellant. In our discussion of the contentions advanced—legal and factual insufficiency of the evidence to support the answer—we will follow the rules outlined in *Lucas v. Hartford Accident & Indemnity Co.,* 552 S.W.2d 796, 797 (Tex.1977) and *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965).

■ When submitting a special issue on damages, the trial court may, for the jury's consideration, direct their attention to specific elements of damages that are raised by the pleadings and supported by evidence. *Houston Transit Co. v. Felder,* 146 Tex. 428, 208 S.W.2d 880 (1948). In this case, the trial court submitted the elements of physical impairment, physical pain and mental anguish, and loss of earnings for the jury's consideration. Such form of submission is discretionary with the trial judge. *El Paso City Lines, Inc. v. Benjamin,* 451 S.W.2d 257 (Tex.Civ.App.—El Paso 1970, writ ref'd n. r. e.). See also C. Cadena, "Comparative Negligence and the Special Verdict," *5 St. Mary's·L.J. 688, 696–697 (1974).*

■ "Physical impairment" and "diminished capacity to work and earn money," or "loss of earning capacity," are not always equivalent. *Texas Farm Products Co. v. Leva,* 535 S.W.2d 953, 957–959 (Tex. Civ.App.—Tyler 1976, no writ); *Green v. Baldree,* 497 S.W.2d 342, 348–350 (Tex.Civ. App.—Houston [14th Dist.] 1973, no writ); *Mikell v. La Beth,* 344 S.W.2d 702, 708–709 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.); *Riley v. Norman,* 275 S.W.2d 208, 209 (Tex.Civ.App.—El Paso 1954, writ ref'd n. r. e.). Similarly, "physical impairment" and "physical pain and mental anguish" are not always equivalent. *Green v. Baldree,* supra, at 350; *Charles T. Picton Lumber Co. v. Redden,* 452 S.W.2d 713, 723–724 (Tex. Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.). Therefore, the separate submission of an issue on physical impairment is *sometimes* proper; and, in our opinion this is one of the unusual cases wherein such submission was authorized. The Fourteenth Court of Civil Appeals in *Green v. Baldree,* supra, has stated the rule applicable:

"In order to be entitled to that submission [loss of earning capacity, pain and physical impairment as separate elements of damage] the plaintiff must sustain the burden of proving that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering to the extent that it produces a separate and distinct loss that is substantial and for which he should be compensated." (497 S.W.2d at 350)

■ We find the evidence to be legally and factually sufficient for the submission of the element of physical impairment. Plaintiff was an active young woman prior to her accident. She participated in several athletic activities—golf, tennis, volleyball, bowling, jogging—and enjoyed camping and hiking with her husband on his summer

---

**2.** This sum was divided as follows: past medical care—$6,228.40; past loss of earnings—$5,049.92; past physical pain and mental anguish—$10,000.00; future medical care—$6,600.00; future loss of earnings—$70,000.00; future physical pain and mental anguish—$40,000.00; physical impairment—$75,000.00.

**3.** See *Tex.R.Civ.P. 274; Larson v. Ellison,* 147 Tex. 465, 217 S.W.2d 420, 421 (1949); *Edwards v. Strong,* 147 Tex. 155, 213 S.W.2d 979, 981 (1948); *Drake v. State,* 488 S.W.2d 534, 538 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.).

**608**

geology studies. Her friends testified that their friendship with her was based on their common interests in sports—tennis, golf, bowling, jogging.

Because of the accident, the joints in plaintiff's left foot have been permanently altered; she has undergone two fusion operations to correct her foot but she still has difficulty walking and will be unable to fully participate in the athletic and outdoor activities which were such a central part of her life prior to the accident. Her doctor so testified:

"Q . . . I will ask you to assume that Carrell was quite active before her injury in athletics such as bowling, track, tennis, running, jogging. Would these be activities, athletic endeavors, that would be foreclosed to her as a result of this injury?

"A To my knowledge and examinations and histories, these are the things she cannot do now.

"Q And again from a medical standpoint, in a reasonable medical probability, would you expect that—

"A Well, I think if she was going to be able to do these things she'd have been able to do them by now. I think it's probable that the situation regarding these activities will not change.

"Q In other words, it will be a permanent limitation?

"A I think that's probable, yes."

The careful trial judge specifically cautioned the jury as to their answers to the damage issue:

"In answering this special issue you shall not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss, that is, do not compensate twice for the same loss, if any."

The instruction was appropriate and proper in eliminating the possibility of a double recovery. See the discussion in *3 Mc-Donald,* *Texas Civil Practice § 12.23.3, at 388–389 (1970 Rev.Vol.).*

Our review of the record has not disclosed reversible error; consequently, the judgment of the trial court is AFFIRMED.