Gary PLATT, Appellant,

v.

Alton Junior FREGIA, Appellee.

No. 8400.

Court of Civil Appeals of Texas, Beaumont.

March 13, 1980.

Rehearing Denied April 3, 1980.

Carl V. Crow, Houston, for appellant.

Daniel V. Flatten, Beaumont, Don Taylor, Liberty, for appellee.

DIES, Chief Justice.

Gary Platt, as plaintiff below, sued Alton Fregia, as defendant below, for injuries received when he ran into the rear-end of defendant's stopped truck. The parties will be referred to as they were below.

■ Plaintiff's first four points of error complain of the jury's findings that plaintiff was entitled to no damages for past or future physical impairment. The jury did award him damages for physical and mental anguish in the past, loss of earnings in the past, and medical and hospital expenses. His points are that he established past and future physical impairment as a matter of law, and the jury's failure to award him damage for such was against the overwhelming preponderance of the evidence. We review these points under the guidance of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

We recently discussed the submission of physical impairment as an element of damages in a personal injury case. See French v. Grigsby, 567 S.W.2d 604 [Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e. per curiam, 571 S.W.2d 867 (Tex.1978)]. There we said (Id. at 607): "Therefore, the separate submission of an issue on physical impairment is *sometimes* proper; and, in our opinion this is one of the unusual cases wherein such submission was authorized." See also, Green v. Baldree, 497 S.W.2d 342, 348–350 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ), and the other authorities cited in French v. Grigsby, supra at 607.

In French v. Grigsby, supra, plaintiff was an active young woman prior to her accident, participating in golf, tennis, volleyball, bowling, jogging, camping, and hiking. Because of the accident, she (plaintiff) had undergone two fusion operations, and her doctor testified she would probably not be able to engage in these activities again.

We affirmed a jury finding for physical impairment because we believed the ordinary elements of damage for personal injury would not give plaintiff full satisfaction.

In the instant case, we do not have such a fact situation. Plaintiff did severely injure his knee and surgery was required. But, he got good results, was soon able to do just about everything he was able to do before the accident, and has a "30% functional

loss." We do not believe this evidence required the jury to award damages for physical impairment in addition to the damages actually awarded by the jury, nor do we believe this evidence warranted submission of this element of damages to the jury. The first four points are overruled.

■ Plaintiff's remaining points complain of the jury's findings which convicted him of failing to keep a proper lookout. We review these points under the directions of *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *In re King's Estate*, supra.

Plaintiff was an off-duty motorcycle patrolman. He was riding a police vehicle. The weather was clear and dry, and the accident happened in the daytime. There is evidence defendant stopped his truck 900 feet in front of plaintiff. There is no evidence of excessive speed by either party. There is evidence plaintiff could have stopped his bike well within 900 feet. These points are overruled. The judgment of the trial court is affirmed.

AFFIRMED.