Helen I. LANDACRE, Appellant,

v.

ARMSTRONG BUILDING MAINTE-NANCE COMPANY, Appellee.

No. 13–86–318–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 31, 1986.

Rehearing Denied Feb. 19, 1987.

---

**324**

Patrick P. Rogers and Michael S. Lee, Porter, Rogers, Dahlman, Gordon & Lee, Corpus Christi, for appellant.

Rudy Gonzales, Jr., Chaves, Gonzales & Rodriguez, Corpus Christi, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is a suit for damages for injuries sustained by appellant as a result of a slip and fall accident. The jury awarded various damages but found "zero" damages for past and future physical impairment. Appellant appeals this finding of no damage. We affirm the judgment of the trial court.

As appellant was leaving work at the First City Bank Building in Corpus Christi, she went down the ramp leading to the covered parking garage, where she unexpectedly slipped and fell on the ramp floor, injuring her left hip, arm, and shoulder.

Appellant alleged that Armstrong Building Maintenance Company, by and through its agents, servants, and/or employees, was negligent with regard to the application of wet wax to the ramp floor without providing warnings to pedestrians.

In response to special issues, the jury found that the negligence of Armstrong Building Maintenance Company was a proximate cause of appellant's fall and awarded a total of $23,214.90 actual damages and $10,000.00 exemplary damages.

The damage issues were submitted individually under Special Issue No. 5, with the jury instructed to consider each element of damage separately, so as not to include damage for one element in any other element. The jury awarded damages for past medical, future medical, past lost wages, past physical pain and mental anguish, future physical pain and mental anguish, and physical disfigurement. The jury answered "zero" for past physical impairment other than wage earning capacity, and future physical impairment other than wage earning capacity.

In her sole point of error, appellant contends that the "trial court erred in entering judgment on the jury verdict for the reason that the jury disregarded clear and uncontroverted evidence of Mrs. Landacre's past and future objective physical impairment."

In order to be entitled to recover damages for physical impairment, a plaintiff must "sustain the burden of proving that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering to the extent that it produces *a separate and distinct loss that is substantial and for which he should be compensated* [emphasis added]." *Allen v. Whisenhunt*, 603 S.W.2d 242, 244 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ dism'd); *Browning v. Paiz*, 586 S.W.2d 670, 675 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *French v. Grigsby*, 567 S.W.2d 604, 607 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.); *Texas Farm Products Co. v. Leva*, 535 S.W.2d 953, 959 (Tex. Civ.App.—Tyler 1976, no writ); *Green v. Baldree*, 497 S.W.2d 342, 350 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

As the challenged finding was one on which the complaining party had the bur-

den of proof, as here, we will consider the point to be that the adverse finding was against the great weight and preponderance of the evidence. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960).

Appellant suffered a fracture of the proximal humerus, which is the upper arm bone. The humerus was jammed into the head of her shoulder which resulted in a shortening of her left arm and difficulty with flexion and extension. Appellant has required physical therapy to increase her range of motion. She obtained 75% of normal range of motion when attending therapy which decreased to 50% of normal range of motion after discontinuing therapy and returning to work. Appellant will continue to have a frozen shoulder, or limited range of motion in her left shoulder, for the rest of her life, according to her physician.

Appellant testified that she was permitted to return to work without restrictions from her physician and that she has returned to her other activities including fishing. She stated that there are no former hobbies that she is unable to participate in, but she cannot do them as well as she used to. For example, she has difficulty casting when she goes fishing, so she uses other methods such as dropping her line straight down.

Analogous to the case at bar is *Platt v. Fregia,* 597 S.W.2d 495 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). In *Platt* plaintiff severely injured his knee and surgery was required, which had favorable results. Plaintiff was soon able to do just about everything he was able to do before the accident even though he had a 30% functional loss in his knee. The Court of Appeals held that this evidence did not require the jury to award damages for

physical impairment, in addition to the other damages awarded. The jury's finding of zero for this element of damages was upheld. *Id.* at 495–96.

As in *Platt,* appellant was not totally precluded from her former activities but could do nearly everything she could do before her injury, just not as well in some cases. The jury's finding that appellant did not suffer a compensable physical impairment is supported by the evidence.

The jury is sole judge of the credibility of the witnesses and determines all factual issues. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547, 549 (1962); *Tenngasco Gas Gathering Co. v. Fischer,* 624 S.W.2d 301, 305 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). The determination that the appellant has not and will not suffer physical impairment apart from that already compensated for is uniquely within the jury's province. *Id.* We do not find the jury's failure to award damages for past and future impairment to be so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex. 1986); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.