**Bob L. CORNELISON, Teddie Cornelison, Mark L. Morris and Jeri Morris, Appellants,**

**v.**

**AGGREGATE HAULERS, INC. and Terry D. Jones, Appellees.**

No. 2–88–057–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 31, 1989.

Rehearing Denied Oct. 11, 1989.

---

Clint Oldham, Fort Worth, for appellants Bob and Teddie Cornelison.

Sullivant, Woodlock, Underwood, Meurer, Shaw & Zielinski and Tex R. Shaw and William B. Sullivant, Gainesville, for appellants Mark and Jerri Morris.

Camp, Jones, O'Neill, Hall & Bates and Patrick H. O'Neill and Robert L. Warren and Michael W. Minton, Fort Worth, for appellee Aggregate Haulers.

Touchstone, Bernays, Johnson, Beall & Smith and Michael S. Carnahan and Robert G. Hogue, Dallas, for appellee Terry D. Jones.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Bob L. Cornelison and Teddie M. Cornelison, individually and as heirs of Bobby J. Cornelison, deceased, and Mark L. Morris and his wife Jeri Morris, separately appeal from the trial court's judgment which awards them damages as to one Terry Jones but orders that they each take nothing from Aggregate Haulers, Inc., the appellee. Jones has not appealed the trial court's judgment. The Cornelisons and Morrises each present fourteen points of error.

We affirm the take-nothing judgment as to Aggregate Haulers, Inc., but we reverse the judgment in favor of the Cornelisons and Morrises as to Terry Jones and remand the damage issues of that portion of this cause to the trial court. Jones did not contest liability.

This lawsuit resulted from a collision on August 14, 1986, between an automobile driven by Terry Jones and an Aggregate Haulers truck and gravel trailer which was parked on the shoulder of U.S. Highway 287 in Wise County. Mark Morris and Bobby Cornelison were passengers in the automobile. Cornelison died in the accident, while Morris suffered injuries. The parents of Cornelison, and Morris and his wife each brought suit against Jones and Aggregate Haulers. The suits were consolidated and tried together.

In all the appellants' points of error numbers one, two, three, and four, and in the Morrises' point of error number five, the appellants contend that the trial court erred by admitting into evidence certain medical records of Jones which contain the statement, "This 19 year old white male was admitted this a.m. after falling asleep at the wheel and being involved in a single car accident." All the appellants contend that the admission of this record was error: (1) because it constituted inadmissible hearsay and was calculated to and probably did cause the rendition of an improper verdict;

(2) because the deposition supporting the records was taken without notice to the appellants in violation of TEX.R.CIV.P. 208; (3) because no notice of the filing of the deposition was given as required by TEX.R.CIV.P. 208; and (4) because the testimony was that of a witness who was not identified pursuant to a proper request for discovery in violation of TEX.R.CIV.P. 215. The statement complained of was under a section headed "History of P.I." There is no indication in the record as to who made the statement.

■ Statements contained in a medical record as to how an accident happened or where it happened, age, medical history, etc. are not admissible as a business-record exception to the hearsay rule, because the party making the entry in the record does not have personal knowledge as to these matters, and the statements do not become trustworthy just because it is hospital routine to record them. *Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298, 305 (Tex.1962). Such statements may be admissible if the record reflects that they fall within some other exception to the hearsay rule. *Id.* at 306.

■ Aggregate Haulers argues that the statement was admissible as an admission of a party, Jones. We hold that it was not, because there was no showing that the record was based on a statement made by Jones. Aggregate attempts to place the burden on those challenging admissibility to establish that the history was not based on a statement made by Jones. It asserts that it must simply establish that the record is a part of the patient's history, relying on *Skillern*, and *Wright v. Excalibur Insurance Company*, 486 S.W.2d 130, 135 (Tex.Civ.App.—Dallas 1972, no writ). We believe that the reliance on *Skillern* is misplaced, because the record in that case reflected that the medical history was based on statements made either by Mrs. Rosen or her sister. In this case the record does not reflect upon whose statement the history was based. The *Wright* case involved the admission of a hospital record stating that the patient had stepped in a hole in his yard "about a week ago" and

had reinjured himself, although he had been feeling better up to that time. Although the opinion held that the entry was admissible as an admission, it does not reflect that any objection was made based upon a failure to show upon whose statement the history was made. In this case, objection was made as to the fact that the record did not reflect it was based upon a statement by Jones. We hold that the admission of the evidence was error.

■ We must determine whether the error amounted to such a denial of the rights of the appellants as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. TEX. R.APP.P. 81(b)(1). Aggregate contends that the admission of the evidence did not constitute reversible error, because it was not harmful to the appellants since it constituted proof of the negligence of Jones. They further contend that the error is not reversible since the whole case did not turn on the error, relying on the cases of *Roach v. Roach,* 735 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1987, no writ) and *Atlantic Mutual Ins. Co. v. Middleman,* 661 S.W.2d 182, 185 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

In its answers to questions asked in the court's charge, the jury found that Terry Jones' negligence in driving on the shoulder of the road was a proximate cause of the collision, but it failed to find that any impropriety in warning signals used by Aggregate's truck driver was a proximate cause of the collision. The appellants argue that the jury may have determined that since Jones was asleep that it did not matter that Aggregate's driver did not place the proper warning signals out on the road.

Aggregate's driver testified that he had parked his truck on the shoulder of the road and that although he had not placed the proper warning devices out on the road, he had turned on his warning flashers. He said that he could see flashing lights and running lights from other trucks for a distance of about a mile back from the location where he was stopped. He said that he was already back in his truck when the accident happened, after he had gone in for a cup of coffee. He said that if he had put reflectors out that he would have picked them up and put them in the truck before leaving. Terry Jones, the driver of the car which crashed into the back of the truck, testified that he looked up and saw the truck just before he hit it. He could not remember why he did not see it sooner or why he was driving on the shoulder of the road. He did say that if reflectors had been put down that he probably would have seen them and applied his brakes more quickly.

In view of the strength of the evidence that Aggregate's truck was displaying a warning device visible for a long distance, even if not the statutory one, and that the statutory device, even if it had been properly placed, would have been removed at the time of the accident since the driver had already returned to his truck, and in view of Jones' testimony that he just looked up suddenly and saw the truck for the first time at the last minute, we do not find that any error in admitting the portion of the history reflecting that Jones fell asleep at the time of the accident was reasonably calculated to cause and probably did cause the rendition of an improper verdict. We therefore overrule point of error number one, both of the Cornelisons and the Morrises. In view of our determination of this point of error, we also overrule points of error numbers two, three, and four as to both the Cornelisons and the Morrises. We also overrule the Morrises' point of error number five.

■ In Cornelison point of error number five and Morris point of error number nine, the appellants contend that the trial court erred in failing to grant them a new trial based upon the improper jury argument of Aggregate's attorney, an argument which they contend improperly sought to convey to the jury the effect of its answers. Initially, the objection to the argument complained of was discussed outside the jury's presence without the judge either sustaining or overruling the objection, the court stating that the attorney knows that he should not tell the jury the effect of their

answers. When the attorney proceeded to make the same argument, the objection was made again and sustained by the court. The jury was instructed to disregard the argument. No motion for mistrial was made. We hold that no error was preserved and that any error was cured by the instruction to the jury. We overrule Cornelison point of error number five and Morris point of error number nine.

■ The appellants urge in Cornelison points of error numbers six and seven, and Morris points of error numbers ten and eleven that the jury's answers in which they did not find that any action on the part of Aggregate's driver was a proximate cause of the accident were against the great weight and preponderance of the evidence. Considering all of the evidence, including that which we have discussed under point of error number one, we find that the jury's answers were not against the great weight and preponderance of the evidence. We overrule the Cornelisons' points of error numbers six and seven, and the Morrises' points of error numbers ten and eleven.

■ The Cornelisons assert in point of error number thirteen that the trial court erred by refusing to have an evidentiary hearing on their motion for new trial on the basis of newly discovered evidence. The Morrises make the same assertion in their point of error number seven. The appellants claim that a claims adjuster for Aggregate's carrier would have testified that one of the witnesses to the accident had given prior statements which conflicted with his deposition testimony that was admitted at trial. The appellants do not refer us to any portion of the record which reflects that the trial court denied them a hearing on their motion. In the event that the trial court did deny such a hearing, we fail to find that any error was reasonably calculated to cause and probably did cause an improper judgment, because the alleged newly-discovered evidence would only have gone to the impeachment of the witness who testified, and therefore did not establish sufficient grounds for motion for new trial based on newly-discovered evidence.

*See New Amsterdam Casualty Company v. Jordan,* 359 S.W.2d 864, 866 (Tex.1962). We overrule Cornelison point of error thirteen and Morris point of error seven.

■ In point of error number fourteen, the Cornelisons contend that the trial court erred in denying them an evidentiary hearing on their motion for new trial as to their allegations of jury misconduct. First, we note that the record does not reflect that the Cornelisons were denied such a hearing. In the event the Cornelisons were denied such a hearing, the only indication as to what evidence might have been introduced at such a hearing is contained in their attorney's affidavit submitted in support of the motion. In his affidavit he contends that certain unidentified jurors did not tell the truth when they were asked at the beginning of the trial if they were capable of awarding monetary damages based upon the death of a human being. He based his affidavit upon interviews with certain unidentified jurors. Besides not saying who the jurors were, the affidavit did not indicate whether the jurors interviewed had reference to their own answers or those of others. Additionally, the affidavit did not indicate what basis, if any, these unidentified jurors had for their conclusion that jurors had answered falsely in voir dire, nor does the affidavit indicate that the opinion was not based entirely on statements made during the course of deliberations, which would be inadmissible in accordance with TEX.R.CIV.EVID. 606(b) and TEX.R.CIV.P. 327(b). We find that nothing is presented for review. We overrule the Cornelisons' point of error number fourteen.

■ In points of error numbers eight and nine, the Cornelisons argue that the jury's answer to special issue number eleven, which asked what sum of money would reasonably and fairly compensate them for their damages resulting from the death of their son, was against the great weight and preponderance of the evidence and was manifestly too small, grossly inadequate, and unjust. The jury found zero dollars in answer to this question.

Uncontradicted testimony established that Bobby Cornelison had a close relationship with his parents and that his death resulted in emotional distress, pain, and anguish to his parents. The evidence related that as a result of her son's death, Mrs. Cornelison had to take tranquilizers as a result of increased nervousness, and that she broke down almost every day. We find that the jury's answer of zero in response to special issue number eleven was against the great weight and preponderance of the evidence and was manifestly too small, grossly inadequate, and unjust. We sustain the Cornelisons' points of error numbers eight and nine as to appellee Jones, but we overrule these points of error as to Aggregate, because the error is harmless as to it due to the jury's failure to find any liability on the part of Aggregate. *See Southern Pine Lumber Co. v. Andrade,* 124 S.W.2d 334, 335 (Tex.1939).

■ The Cornelisons assert in points of error numbers ten, eleven, and twelve that there was no evidence to support the jury's answer to special issue number twenty, which inquired whether Terry Jones and Bobby Cornelison had a joint business or financial interest in the object and purpose of their trip, and whether they had an equal right, express or implied, to direct and control each other in the operation of the vehicle. They also contend that the jury's answer to the question was against the great weight and preponderance of the evidence and that the trial court erred in refusing their requested instruction limiting the circumstances under which the existence of joint venture could be found.

Since the judgment does not impute the negligence of Terry Jones to Bobby Cornelison, any error with respect to special issue number twenty is harmless, because it is not such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See* TEX.R. APP.P. 81(b)(1). We overrule Cornelison points of error numbers ten, eleven, and twelve.

■ The Morrises argue in point of error number six that the trial court erred in not granting them a hearing respecting their allegations of jury misconduct, specifically that the presiding juror would not ask for a rereading of a portion of the transcript or denied the individual jurors the right to communicate with the court. They contended in their motion that such action on the part of the presiding juror was a violation of TEX.R.CIV.P. 285 and 287. We note that the record does not reflect that the Morrises were denied a hearing on their motion. We also note that their motion does not set forth any basis for jury misconduct, because it is the jury, not individual jurors, that has the right to have testimony reread or to communicate with the court. TEX.R.CIV.P. 285 and 287. The Morrises made no contention that the presiding juror denied the jury's right to communicate or the jury's right to have testimony reread. Even if their motion had presented a basis for jury misconduct, an evidentiary hearing would have been futile since any evidence in support of the allegations would, by its nature, be inadmissible under the provisions of TEX.R.CIV.EVID. 606(b) and TEX.R.CIV.P. 327(b). We find that if in fact the trial court did not have an evidentiary hearing, that such failure was not error, and that if the trial court did err in not having an evidentiary hearing that such error was harmless as it was not such an error as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. We overrule the Morrises' point of error number six.

■ In point of error number eight, the Morrises present their argument that the jury's answers to special issues numbers 9(a), 9(c), 9(d), 9(f), 9(g), 9(h), 9(i), 9(j), 9(k), 10(a), 10(b),. 10(c), and 10(d) were against the great weight and degree of the credible evidence.

In special issue number nine, the jury was asked what sum of money, if any, if paid now in cash, would compensate Mark Lewis Morris for his injuries, if any, resulting from this crash. In connection with those questions of which the Morrises complain, the jury gave the following answers: 9(a) physical pain and mental anguish in the past, $5,000; 9(c) disfigurement in the

past, $0; 9(d) physical impairment in the past, $0; 9(f) physical pain and mental anguish that, in reasonable probability, he will suffer in the future, $0; 9(g) loss of earning capacity that, in reasonable probability, he will suffer in the future, $15,000; 9(h) disfigurement that, in reasonable probability, he will suffer in the future, $0; 9(i) physical impairment that, in reasonable probability, he will incur in the future, $0; 9(j) reasonable and necessary medical expenses that, in reasonable probability, he will incur in the future, $21,000; and 9(k) home care assistance expense, in reasonable probability, he will incur in the future, $0.

In special issue number ten, the jury was asked what sum of money, if paid now in cash, would fairly and reasonably compensate Jeri Morris for the injuries, if any, to her husband Mark, resulting from this crash. In connection with those issues of which the Morrises complain, the jury gave the following answers: 10(a) loss of consortium in the past, $0; 10(b) loss of Mark's household services in the past, $0; 10(c) loss of consortium that, in reasonable probability, will be sustained in the future, $0, and 10(d) loss of Mark's capacity to perform household services that, in a reasonable probability, will be sustained in the future, $0.

Uncontroverted evidence established that as a result of this collision Mark Morris suffered extensive injury. He suffered an organic brain syndrome, which caused memory deficits and depression. He had nerve damage in his left shoulder, which causes it to be weak and hang stiffly. As a result of these injuries, Mark has difficulty learning new tasks, making commercial employment difficult. He can perform routine tasks, but his movements are very slow, uncoordinated and weak. Instead of active participation in conversation with others, Mark usually sits passively with his head down. In reasonable medical probability, Mark's condition will not get appreciably better.

We must determine whether the findings of the jury are so against the great weight and preponderance of the evidence as to be manifestly unjust. *Sansom v. Pizza Hut of East Texas, Inc.*, 617 S.W.2d 288, 293 (Tex.Civ.App.—Tyler 1981, no writ). We find, based upon this clear and uncontroverted evidence, that at least the following jury findings are so against the great weight and preponderance of the evidence as to be manifestly unjust: 9(c) disfigurement in the past, $0; 9(d) physical impairment in the past, $0; 9(f) physical pain and mental anguish that, in reasonable probability, he will suffer in the future, $0; 9(i) physical impairment that, in reasonable medical probability, he will suffer in the future, $0; 10(a) loss of consortium in the past, $0; and 10(c) loss of consortium that, in reasonable probability, will be sustained in the future, $0. In view of our determination as to those issues, it is unnecessary that we consider the question as to the other issues raised by the Morrises. This error is harmless as to Aggregate, because it did not result in an improper judgment due to Aggregate's lack of liability. We therefore sustain the Morrises' point of error number eight as to appellee Jones, but overrule the point of error as to appellee Aggregate.

We affirm the take-nothing judgment as to Aggregate Haulers, Inc., but we reverse and remand the judgments in favor of the Cornelisons and the Morrises as to Terry Jones, and remand that portion of this cause to the trial court as to the issue of damages only, since liability is not contested.