**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40492
Summary Calendar

NANCY MILES PERKINS, AS NEXT
FRIEND OF MILOCY MILES,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(2:94-CV-26)

February 27, 1996

Before REYNALDO G. GARZA, KING and EMILIO M. GARZA, Circuit Judges.
PER CURIAM:[*]

Milocy Miles ("Miles") was injured when an automobile driven by a United States government employee collided with an automobile in which she was a passenger. Her injuries left scars on her face and chin. She sued the United States to recover compensation for the injuries that she suffered in that collision. The United States admitted that the collision was caused by its employee's

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

negligence, and the only issue before the trial court was the proper amount of damages. The trial court awarded Miles a total of $38,502.65. Of these damages, the trial court awarded $11,043.65 for past medical expenses, $2,459 for future medical expenses, $15,000 for past pain and suffering, mental anguish and physical impairment, and $10,000 for future pain and suffering, mental anguish and physical impairment. The trial court, however, did not award damages for disfigurement. Miles appealed, claiming that the trial court erred in not awarding any damages for disfigurement.

In reviewing the trial court's award of damages, we must review all the evidence in the light most favorable to the factfinder's verdict, and we must affirm the verdict unless the evidence points "so strongly and overwhelmingly in favor of one party that the court believes that reasonable [persons] could not arrive at a contrary [conclusion]." *Jones v. Wal Mart Stores*, 870 F.2d 982, 987 (5th Cir. 1989).

Miles contends that she is entitled to recover damages for disfigurement because she suffered scarring to her face and chin. Under Texas law, however, to recover damages for disfigurement, she must prove that she was not compensated for the scarring in the trial court's award of pain and suffering, mental anguish and physical impairment. *Cf. Landacre v. Armstrong Bldg. Maintenance Co.*, 725 S.W.2d 323, 324 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.)("[i]n order to be entitled to recover damages for physical impairment, a plaintiff must sustain the burden of proving that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering to the extent that it products a separate and distinct loss that is substantial and for which he should be compensated"). In this case, we find that the trial court compensated her for her disfigurement in its awards for mental anguish and physical impairment. The only future physical impairment that Miles will

2

suffer is the scarring to her face and skin.  Because the award for mental anguish and physical impairment compensated her for the scarring, the trial court did not err in failing to award damages for disfigurement.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

AFFIRMED.