In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00126-CV
______________________________


$494.00 U.S. CURRENCY, ET AL., Appellants
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2003-1886-CCL2


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Terrance Lipscomb has filed an attempted appeal from judgments of the County
Court at Law Number 2 of Gregg County. The agreed final judgment of forfeiture in this
case was signed September 9, 2004. On March 28, 2005, Lipscomb filed a motion for
summary judgment seeking to relitigate that final judgment (and recover the money) based
on a lack of evidence that the money was linked to criminal activity. The trial court denied
the motion for summary judgment by order signed March 29, 2005. Lipscomb filed a notice
of appeal October 14, 2005, in which he states that he is bringing a restricted appeal from
the order of September 9, 2005. 
          There are a number of problems with this attempted appeal. 
          First, the case became final when the agreed judgment was signed September 9,
2004 (not 2005). Rule 26.1 of the Rules of Appellate Procedure requires the notice of
appeal to be filed within thirty days of that date in order to invoke the jurisdiction of this
Court. Tex. R. App. P. 26.1. None was. The notice of appeal was also well outside the
six-month time frame permitted for bringing a restricted appeal. See Tex. R. App. P.
26.1(c).



          Second, if we assumed that Lipscomb was attempting to appeal from the March 29,
2005, order denying his motion for summary judgment, even if it were appealable, the
notice of appeal was filed after the expiration of the thirty-day time frame for a regular
appeal and after the expiration of the six-month time frame for a restricted appeal. See id.
          Third, even if the trial court's plenary power were still alive (which is impossible on
these facts), the denial of a motion for summary judgment is not an appealable order. 
Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding). 
          In short, it is clear that the appealable order in this case was signed September 9,
2004. The notice of appeal was untimely and does not invoke the jurisdiction of this Court.
          We dismiss the appeal for want of jurisdiction.



                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      January 24, 2006
Date Decided:         January 25, 2006




recovery for pain and suffering, as well as for mental anguish. The mere fact of injury,
however, does not prove compensable pain and suffering, nor does it demonstrate the
plaintiff suffered either mental anguish or impairment. See Blizzard, 756 S.W.2d at 805. 
Pain and suffering and mental anguish are separate elements of damage for which the
plaintiff bears the burden not only of production, but also of persuasion. 

 The only testimony regarding the extent of his injuries came from Dollison himself
and from Langford, the orthopedic surgeon. The general rule, as explained by the Texas
Supreme Court, is that opinion testimony, even when uncontroverted, does not necessarily
bind the jury.

 [T]he judgments and inferences of experts or skilled witnesses, even when
uncontroverted, are not conclusive on the jury or trier of fact, unless the
subject is one for experts or skilled witnesses alone, where the jury or court
cannot properly be assumed to have or be able to form correct opinions of
their own based upon evidence as a whole and aided by their own
experience and knowledge of the subject of inquiry. 

McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986) (citing Coxson v. Atlanta Life
Ins. Co., 142 Tex. 544, 179 S.W.2d 943, 945 (1944)). The presence or absence of pain,
based on the subjective complaints of an individual, is not a subject for experts or skilled
witnesses alone. See Waltrip, 38 S.W.3d at 882.

 The record contains the following objective evidence of pain. The emergency room
physician's evaluation mentions lower spinal muscle cramping. When asked to describe
his pain for the jury, Dollison stated, "I started hurting up on the left side of my back; and
then the next morning when I put my work boots on, I couldn't straighten back up." 
Dollison received a pain shot and later "some pain pills, which didn't work." Then the
following exchange took place during Dollison's direct examination:

 Q. During that month or so after the accident, were you hurting at
home? I mean, were you in pain?


 A. Yes, sir, yeah.


 Q. Was it still that sharp, shooting pain in the left side of your
back? (2)


 A. Yeah.


 Q. Anything else?


 A. No, just my back.


The record also contains Langford's reference to "tenderness . . . around the left paraspinal
muscular area," which Dollison described as an "achy-type pain." This evidence was
repeated in Langford's deposition testimony. Dollison's x-rays revealed no accident-related
injury, only the early signs of arthritis in his lower back. Dollison did not suffer any bruising
as a result of the accident. The orthopedic surgeon determined Dollison sustained a
lumbar sprain and strain. The recommended course of treatment included use of a heating
pad, pain medication, and physical therapy. "Trigger point" pain injections were also
prescribed, but Dollison refused this treatment. Langford also recommended modified
work duty to avoid lifting, squatting, or stooping. Dollison did not return to work with Gregg
County while on modified work duty. During this time, he worked instead at his brother's
transmission business, answering telephones and running errands. On August 27,
Langford released Dollison to return to work with no restrictions and zero impairment. 
When asked, Langford declined to state an opinion about whether Dollison would have
future pain, and he would not comment on the possibility of any potential future medical
care related to this injury. Further, Dollison's testimony was not entirely consistent about
the locus of his pain. He testified his back pain was on his left, then on his right, then on
his left again. When asked if he had any continuing pain during the year after the accident,
Dollison answered, "Not unless I drove a whole lot. Like if I went to Dallas or something
. . . ."

 We recognize that muscle cramps and spasms can be potentially painful. We also
recognize, however, that severe compensable pain does not automatically accompany a
muscle cramp or spasm in the same way that such pain accompanies a concussion or
broken bone. The jury had to rely on Dollison's testimony regarding the pain associated
with his injury and its own evaluation of his credibility as a witness. The jury was free to
reject the testimony of both Dollison and his doctor as to the existence, amount, or severity
of his pain.

 Dollison cites several cases which, he argues, stand for the proposition that some
injuries carry with them a presumption of pain and suffering, as well as mental anguish. 
He first directs us to Robinson v. Minick, 755 S.W.2d 890 (Tex. App.-Houston [1st Dist.]
1988, writ denied). There the jury awarded damages for past pain and mental anguish,
loss of past earnings, past medical expenses, past physical disfigurement, and loss of
future earning capacity. The jury, however, failed to award damages for past physical
impairment and future physical impairment. In reviewing the jury's findings, the Robinson
court found the $0 damage award for past physical impairment was against the great
weight and preponderance of the evidence, but upheld the $0 damage award for future
physical impairment because it found the evidence on that element to be speculative. The
Robinson court characterized the facial fractures, surgery, and lengthy hospitalization as
being objective, undisputed evidence of injury and "indications of past physical impairment"
that were "independently proved, and did not rely upon appellant's credibility." Id. at 893. 
In Gallegos, several children sustained various injuries including lacerations, bruises,
muscle spasm, and fracture. Gallegos v. Clegg, 417 S.W.2d 347, 357 (Tex. Civ.
App.-Corpus Christi 1967, writ ref'd n.r.e.). One of the children was hospitalized for five
days. Id. at 355. Dollison's injuries, however, were neither so objectively nor so
extensively supported by evidence.

 In Del Carmen Alarcon v. Circe, 704 S.W.2d 520 (Tex. App.-Corpus Christi 1986,
no writ), the jury answered each liability question in the appellant's favor and awarded
medical bills and lost wages. Id. at 521. The jury failed to award damages for physical
pain or mental anguish. Id. All of the medical experts made medical diagnoses with
indications of physical pain, including concussion, reverse curvature of the spine, and
cervical and lumbar sprain. The court held the jury's failure to award damages for physical
pain or mental anguish was error. Id. (citing Brown v. Vanderveer, 460 S.W.2d 502, 506
(Tex. Civ. App.-Austin 1970, no writ); Gallegos, 417 S.W.2d at 356). Langford did not
express an opinion about the degree of pain Dollison may have suffered and expressly
refused to speculate about the possibility of future pain. Dollison suffered no concussion,
no bruising, and refused pain shots. He described his pain as merely "achy."

 In Brown, 460 S.W.2d at 506, the court stated,

 We believe it very far fetched to conclude that Mrs. Brown, shown to be a
vigorous, healthy, hardworking woman before the accident would consult
doctors time after time for more than a year, incurring large medical, hospital
and drug bills, wear a neck brace, lose one hundred days from work and
poorly perform her job unless she was suffering discomfort and pain.

 

Dollison, however, admitted he was getting older and showing signs of arthritis (which
could account for his "achy" pain). He missed only one and one-half months' work, and
even worked at his brother's business during that time. Since returning to work, he has
suffered no continuing pain and has not required additional medical treatment.

 To the extent the cases to which Dollison refers purport to state that it is error to
award damages for medical expenses without simultaneously awarding damages for pain
and suffering, we disagree. The mere fact of injury does not prove compensable pain and
suffering, nor does it demonstrate Dollison suffered compensable mental anguish. See
Blizzard, 756 S.W.2d at 805. As this Court has long recognized, the jury could reasonably
have believed that Dollison should be fairly compensated for seeking medical care related
to the accident and for wages not paid while he was on medical leave, but that he suffered
no physical or mental injury warranting a monetary award. See Armstead v. Harvey, 390
S.W.2d 871, 872 (Tex. Civ. App.-Texarkana 1965, no writ). The jury was capable of
determining the "truth" from the evidence as a whole with regard to the lack of any physical
pain and mental anguish suffered by Dollison. We hold that the mere fact of injury alone,
without more, is insufficient to establish any right to recover otherwise unproven pain and
suffering or mental anguish damages.

 In this case, Dollison's own testimony and exhibits provided an alternate explanation
for his back pain. His x-rays revealed lesions symptomatic of arthritis in his lower back. 
This fact, combined with advancing age, (3) could also account for Dollison's "achy-type"
pain. There appears to be no evidence whatsoever of mental anguish, and Dollison has
not directed the Court to any testimony on that issue. We cannot say that the jury's award
of $0 for past and future physical pain and mental anguish was so against the great weight
and preponderance of the evidence as to be manifestly wrong and unjust. Points of error
one through four are overruled. 

 Physical impairment is an element of damages that extends beyond loss of earning
capacity and beyond any pain and suffering, to the extent that it produces a separate loss
that is substantial or extremely disabling. Blankenship v. Mirick, 984 S.W.2d 771, 777
(Tex. App.-Waco 1999, pet. denied). Therefore, even proof that one is entitled to
compensatory damages for pain and suffering, or for lost wages, does not automatically
entitle one to compensation for physical impairment. The party claiming such damages
bears the burden of proving a compensable injury.

 The evidence showed Dollison did not return to his regular job with Gregg County
while completing his prescribed course of physical therapy. During this time, Dollison
worked at his brother's transmission business. On August 27, Langford released Dollison
to return to work with no restrictions and zero impairment. In light of this evidence, it was
not improper for the jury to determine that the fact Dollison did not work for his regular
employer entitled him to lost wages. Because he did other work during this time, it was not
error for the jury to determine Dollison suffered no compensable physical impairment. See
Landacre v. Armstrong Bldg. Maint. Co., 725 S.W.2d 323, 325 (Tex. App.-Corpus Christi
1986, writ ref'd n.r.e.) (jury properly denied damages for past physical impairment where
plaintiff testified she was permitted to return to work without restrictions from her physician,
she returned to her other activities, she was able to participate in her former hobbies, and
she was able to do everything she could before her accident despite her injury). With
respect to future impairment, Dollison's own doctor testified he was released for full duty
with neither restrictions nor impairment. Here, the evidence is conclusive, and it is contrary
to Dollison's position on appeal. 

 We cannot say the jury's award of $0 for past and future physical impairment was
so against the great weight and preponderance of the evidence as to be manifestly wrong
and unjust. Points of error five and six are overruled. 

 At oral argument, Dollison also argued that the jury's award of $0 indicates the jurors
improperly failed to consider evidence related to pain and suffering, mental anguish, and
impairment. We disagree. Question three of the jury instructions divided the damages
issue into eight distinct parts: 

 1) Physical pain in the past;

 2) Physical pain that in reasonable probability will be sustained in the future;

 3) Mental anguish in the past;

 4) Mental anguish that in reasonable probability will be sustained in the future;

 5) Medical care in the past;

 6) Loss of earning capacity in the past;

 7) Physical impairment in the past;

 8) Physical impairment that in reasonable probability will be sustained in the future.


The jury filled in zeros for each part except medical care in the past and loss of earning
capacity in the past. The jury form was signed by the presiding juror and indicated a
unanimous decision. We believe that, by affirmatively entering zero as an amount, the jury
demonstrated it considered each element of damages and rejected Dollison's proof with
respect to all but two of those elements.

 We affirm the judgment of the trial court.



 Donald R. Ross

 Justice


Date Submitted: May 16, 2002

Date Decided: June 12, 2002


Publish

1. Examples of objective evidence of injury supporting an award of damages for pain
and suffering include:


 organic brain syndrome and nerve damage (Cornelison v. Aggregate Haulers, Inc.,
777 S.W.2d 542 (Tex. App.-Fort Worth 1989, writ denied));


 linear fracture of the foot (Russell v. Hankerson, 771 S.W.2d 650 (Tex.
App.-Corpus Christi 1989, writ denied));


 broken hip (Johnson v. Tom Thumb Stores, Inc., 771 S.W.2d 582 (Tex. App.-Dallas
1989, writ denied));


 severe electrical burns (Loyd Elec. Co. v. Millett, 767 S.W.2d 476 (Tex.
App.-San Antonio 1989, no writ));


 skull and facial fractures, accompanied by the dripping of spinal fluid from the nose
(Robinson v. Minick, 755 S.W.2d 890 (Tex. App.-Houston [1st Dist.] 1988, writ
denied));


 cut (Porter v. Gen. Tel. Co., 736 S.W.2d 204 (Tex. App.-Corpus Christi 1987, no
writ));


 lacerations, tendinitis, and torn muscles requiring surgery (Crowe v. Gulf Packing
Co., 716 S.W.2d 623 (Tex. App.-Corpus Christi 1986, no writ));


 reverse curvature of the spine, concussion, and lumbar sprains (Del Carmen
Alarcon v. Circe, 704 S.W.2d 520, 521 (Tex. App.-Corpus Christi 1986, no writ));
and


 broken ankle requiring full cast (Fuller v. Flanagan, 468 S.W.2d 171 (Tex. Civ.
App.-Fort Worth 1971, writ ref'd n.r.e.)).

2. There was no prior testimony about a sharp, shooting pain in the left side of
Dollison's back.
3. Dollison testified that he was bothered about not being able to lift as much as he
used to, but that, as he aged, there were things he could not do.