Manuel **ESTRADA** and Lear Lines, Inc., Petitioners,

v.

Dennis **DILLON** and CNA Insurance Companies, Respondents.

No. 00–0458.

Supreme Court of Texas.

April 12, 2001.

Philip Todd Kingston, R. Michael Beene, Beene & Lawrence, Christopher P. Hansen, Schell Beene Vaughan & Quillin, Dallas, for petitioners.

H. Grady Terrill, III, Eric Gordon Walraven, Craig Terrill & Hale, Leslie F. Hatch, David Norman Getz, Lubbock, for respondents.

PER CURIAM.

In this personal-injury case, both sides appealed from a judgment awarding damages to the plaintiff and the plaintiff-intervenor and challenged the amounts the trial court awarded, or failed to award, for the various damage elements sought to be recovered. The defendants did not contest

liability on appeal. The court of appeals reversed the trial court's judgment and remanded solely on the damages issue, holding that the jury's award of zero damages for past physical impairment was against the great weight and preponderance of the evidence. 23 S.W.3d 422, 424. We conclude that although the court of appeals properly conducted the factual-sufficiency review that resulted in its reversal of the damages award, it erred in remanding only that issue. Texas Rule of Appellate Procedure 44.1(b) requires that both the liability and damages issues be remanded when the defendants have contested liability in the trial court, as they did in this case. Accordingly, we affirm in part and reverse in part the court of appeals' judgment and remand the cause to the trial court for further proceedings.

Dennis Dillon was driving to meet a customer when he collided with a Lear Lines, Inc., tractor-trailer rig driven by Manuel Estrada. The accident occurred as Estrada was pulling off to the side of the road following a collision with another vehicle. Dillon suffered injuries to his knees, broken ribs, cracks in his pelvis, shattered and cracked teeth, and bruises on his sternum and arm. He was hospitalized for twenty-three days, underwent numerous surgeries on his knees, and needed physical therapy. Dillon sued Estrada and Lear Lines; CNA, the workers' compensation insurance carrier for Dillon's employer, intervened to recover the $129,905.07 in medical and indemnity payments it made to Dillon, and any additional expenditures before judgment, prejudgment interest, and attorney's fees. A jury found that Estrada and Dillon were each fifty-percent negligent and awarded Dillon $1,000 for past physical pain and mental anguish, $1,500 for past loss of earnings, and $47,000 for past medical-care expenses. The jury did not award damages for Dillon's future physical pain and mental an-

guish, future medical care, future loss of earning capacity, past or future physical impairment, or past or future disfigurement. Dillon and CNA moved the trial court to disregard the jury's answers to the questions on past and future medical-care expenses and past loss of earnings and to substitute the amounts of $149,295.03 for past medical-care expenses, $81,000 for future medical-care expenses, and $22,000 for past loss of earnings. The evidence for past medical-care expenses of $149,295.03 was uncontroverted. Accordingly, the trial court found that past medical-care expenses totaled that amount, instead of $47,000 as the jury found, and granted the motion in part. However, the trial court denied Dillon and CNA's request for similar findings on future medical care and past loss of earnings. Relying on the jury's verdict and its ruling on Dillon and CNA's motion to disregard, the trial court rendered judgment awarding Dillon and CNA $75,897.52 in damages, prejudgment interest, post-judgment interest, and fifty-percent of court costs.

Estrada and Lear Lines appealed, contending that the trial court erred in granting the motion to disregard the jury findings for past medical expenses and in rendering its own award of damages on that element. Dillon and CNA also appealed, contesting the jury's failure to award damages for past and future physical impairment and future medical-care expenses. The court of appeals reversed the trial court's judgment and remanded solely on the damages issue, holding that the jury's award of zero damages for past physical impairment was against the great weight and preponderance of the evidence. 23 S.W.3d 422, 424. Estrada and Lear Lines petitioned this Court for review, contending that the court of appeals: (1) improperly evaluated the factual sufficiency of the evidence on physical impair-

ment; and (2) erred in remanding the damages issue without also remanding the liability issue.

■ We first consider Estrada and Lear Lines' argument that the court of appeals improperly evaluated the factual sufficiency of the evidence on physical impairment. *See Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 28 (Tex.1993). The court of appeals explained that to sustain a finding that Dillon incurred no damages for past physical impairment, the jury must have found by a preponderance of the evidence that no impairment accompanied the injury and the necessary medical care. 23 S.W.3d at 427. In support of its explanation, the court of appeals cited cases holding that when uncontroverted evidence shows objective injuries, a jury finding that the plaintiff suffered no past pain and suffering may be against the great weight and preponderance of the evidence. *Id.* (citing *Monroe v. Grider*, 884 S.W.2d 811, 820 (Tex.App.—Dallas 1994, writ denied) (concluding that when there was uncontroverted evidence of objective injury, a finding that the plaintiff suffered no pain and suffering was against the great weight and preponderance of the evidence); *Hammett v. Zimmerman*, 804 S.W.2d 663, 665 (Tex. App.—Fort Worth 1991, no writ) (same)). It is the court of appeals' citation to these cases, which focus on evidence of objective injury in relation to a jury's failure to award pain and suffering, that leads Estrada and Lear Lines to argue that the court of appeals erred in analyzing the evidence in this case.

Estrada and Lear Lines argue that although an objective injury may be an indicator of pain and suffering, it is not a reliable indicator of physical impairment in every situation. They contend that a correct evaluation of physical impairment focuses on the extent to which the plaintiff's injuries have restricted his or her activi-

ties. *See, e.g., Landacre v. Armstrong Bldg. Maint. Co.*, 725 S.W.2d 323, 325 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (concluding that the jury's failure to award damages for past and future physical impairment was not against the great weight and preponderance of the evidence because the plaintiff was not totally precluded from her former activities and could do nearly everything she could do before her injury, just not as well); *Platt v. Fregia*, 597 S.W.2d 495, 495–96 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.) (concluding that the evidence did not require the jury to award damages for past and future physical impairment because a plaintiff who severely injured his knee in a vehicular collision was soon able to do just about everything he could do before the accident). They argue that the court of appeals' apparent linking of the physical-impairment award to the pain-and-suffering award increases the risk of double recovery. Dillon and CNA respond that the court of appeals did not err in evaluating the evidence, and that there is no risk of double recovery because the trial court instructed the jury to consider each damage element separately and not to include damages for one element in any other element.

Assuming that Estrada and Lear Lines are correct that evidence of physical impairment must focus on restriction of activities caused by the injury, the court of appeals' analysis in this case is not inconsistent with that focus. The court of appeals did not hold that proof of objective injury alone establishes physical impairment. Rather, it considered whether the evidence established that Dillon's injuries inhibited his ability to engage in the physical activities he participated in before the accident. 23 S.W.3d at 427. And while the court of appeals considered Dillon's objective injury in determining that he was

physically impaired, the court also recognized that Dillon's physical activities were reduced because he spent twenty-three days in the hospital, had numerous surgeries, needed physical therapy, and spent time on crutches. *Id.* Thus, the court of appeals considered Dillon's physical impairment to the extent it produced a distinct loss. *See, e.g., Landacre,* 725 S.W.2d at 325; *Platt,* 597 S.W.2d at 495–96. Accordingly, we reject Estrada and Lear Lines' challenge to the court of appeals' factual-sufficiency determination.

 We next consider whether the court of appeals erred in remanding the case for a new trial solely on the damages issue when Estrada and Lear Lines initially contested liability in the trial court, but did not challenge liability post-judgment or on appeal. Texas Rule of Appellate Procedure 44.1(b) provides that "[t]he court may not order a separate trial solely on unliquidated damages if liability is contested." Tex.R.App. P. 44.1(b). If a party files a general denial in the trial court, that pleading puts a plaintiff to his or her proof on all issues, including liability; its effect extends to contesting liability in the event of remand on appeal. *See, e.g., United Savings Ass'n of Tex. v. Villanueva,* 878 S.W.2d 619, 624 (Tex.App.—Corpus Christi 1994, no writ) (remanding the issues of liability and damages in a title-to-property dispute because the defendant contested liability in the trial court); *Little Darling Corp. v. ALD, Inc.,* 566 S.W.2d 347, 350 (Tex.Civ.App.—Dallas 1978, no writ) (holding that so long as the defendants' answer contested liability, the issues of damages and liability must be remanded). A party's failure to present on appeal an additional discrete challenge to liability when that party challenges damages does not defeat the plain language of rule 44.1(b) proscribing a separate trial on unliquidated damages when liability is contested. Estrada and Lear Lines contested liability in this case by filing a general denial and alleging in their first and second amended answers that Dillon's injuries and damages were proximately caused by his own negligence. Therefore, the court of appeals erred in remanding only the damages part of the case.

Accordingly, without hearing oral argument, the Court grants Estrada and Lear Lines' petition for review, affirms in part and reverses in part the court of appeals' judgment, and remands this cause to the trial court for further proceedings. *See* Tex.R.App.P. 59.1.