11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Davis Apparel

Appellant

Vs.                   No.
11-02-00213-CV -- Appeal from Dallas County

Gale-Sobel, a division of Angelica
Corporation

Appellee

 

Gale-Sobel,
a division of Angelica Corporation (Gale-Sobel), contracted to provide uniforms
and related services to the Dallas Area Rapid Transit Authority (DART) from
1994 to 1997.  Gale-Sobel entered into a
subcontractor agreement with Davis Apparel whereby Davis Apparel agreed to
provide various warehousing, distribution, and other services in support of
Gale-Sobel=s contract with DART.    The parties executed various documents in
contemplation of Gale-Sobel=s bidding efforts for the contract with DART.  However, the parties did not execute a written contract which
fully reflected the terms of their agreement. 
Soon after Gale-Sobel and Davis Apparel began fulfilling the contract
with DART in January 1994, a dispute arose as to the amount of commissions
Davis Apparel was entitled to receive for its services.   Davis Apparel asserted that it was entitled
to receive a commission of 20 percent based on a document executed during the
DART bidding process.  However, Gale-Sobel
only paid Davis Apparel a commission of 15 percent.  The parties continued to jointly fulfill the DART contract until
May 1997 without resolving the dispute over the amount of commissions owed to
Davis Apparel.








Davis
Apparel filed suit against Gale-Sobel on December 1, 2000, seeking to recover
over $58,000.00 for the additional 5 percent commission.  In addition to denying the existence of an
agreement to pay Davis Apparel a commission of 20 percent, Gale-Sobel asserted
a limitations defense to Davis Apparel=s claim.  The jury agreed with
Davis Apparel=s contention that Gale-Sobel agreed to pay a
20 percent commission and awarded Davis Apparel damages of $28,467.68.   With respect to Gale-Sobel=s limitations defense, the jury was asked the
following question: AWhat
is the earliest date Gale-Sobel failed to comply?@  The jury responded to this
inquiry with the date of March 4, 1994. 
The trial court entered a take-nothing judgment against Davis Apparel
based on the jury=s
answer to this limitations question. 

Davis
Apparel raises six issues on appeal. 
The first four issues challenge the sufficiency of the evidence
supporting the jury=s
response to the limitations question. 
The final two issues attack the sufficiency of the evidence supporting
the jury=s damage finding.  We affirm in part and reverse and remand in part.

Limitations
is an affirmative defense that must be specifically pleaded and proved.  Intermedics, Inc. v. Grady, 683 S.W.2d 842,
845 (Tex.App. B Houston [1st Dist.] 1984, writ ref=d n.r.e.). 
TEX. CIV. PRAC. & REM. CODE ANN. '16.004 (Vernon 2002) requires that a cause of action for breach of
contract be brought within four years Aafter the day the cause of action accrues.@  A
party asserting limitations must not only establish the applicability of the
limitations statute, but must, as well, prove when the opponent=s cause of action accrued in order to
demonstrate the bar of limitations. 
Intermedics, Inc. v. Grady, supra at 845.   The jury question at issue seeks to determine when Davis Apparel=s cause of action accrued.   

Davis
Apparel argues in its fourth issue that there was no evidence to support the
jury=s answer to the limitations question.[1]  An appellate court will sustain a
no-evidence point of error when (1) the record discloses a complete absence of
evidence of a vital fact;  (2) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; 
(3) the only evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of
the vital fact.  Uniroyal Goodrich Tire
Company v. Martinez, 977 S.W.2d 328, 334 (Tex.1998).  Any evidence that is of probative value and that is more than a
scintilla is legally sufficient to uphold the jury=s finding. 
Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex.1996); Burroughs Wellcome
Company v. Crye, 907 S.W.2d 497, 499 (Tex.1995).  More than a scintilla of evidence exists where the evidence
supporting the finding, as a whole, rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.  Transportation Insurance Company v. Moriel,
879 S.W.2d 10, 25 (Tex.1994).








Davis Apparel’s second and third issues attack the
factual sufficiency of the evidence supporting the jury=s answer to the
limitations question.  In order to
determine if the evidence is factually sufficient, we must review all of the
evidence and determine whether the challenged finding is so against the great
weight and preponderance of the evidence as to be manifestly unjust. Pool v.
Ford Motor Company, 715 S.W.2d 629 (Tex.1986); In re King’s Estate, 244 S.W.2d
660 (Tex.1951).

A cause of action for breach of contract is
generally regarded as accruing when the contract is breached or when the
claimant has notice of facts sufficient to place him on notice of the
breach.  Slusser v. Union Bankers
Insurance Company, 72 S.W.3d 713, 717 (Tex.App. B Eastland 2002, no pet’n).  If the parties’ agreement contemplates a
continuing contract for performance, the limitations period does not usually
commence until the contract is fully performed.  Intermedics, Inc. v. Grady, supra at 845.  However, where the terms of an agreement
call for fixed, periodic payments, a separate cause of action arises for each
missed payment.  Slusser v. Union
Bankers Insurance Company, supra at 717. 
The limitations question submitted to the jury in this case essentially
asked the jury to decide whether or not the parties’ agreement constituted a
continuing contract.  Davis Apparel
argued that the agreement was a continuing contract that was not breached until
the agreement’s expiration in May 1997. 
Gale-Sobel disagreed with this assertion by arguing that, if the parties’
agreement had been breached, the breach had occurred since the outset of the
agreement.








Our review
of the record indicates both legally and factually sufficient evidence
supporting the jury’s answer of March 4, 1994, with respect to the earliest
date that Gale-Sobel failed to comply with the parties’ agreement.  Davis Apparel began work in support of
Gale-Sobel’s contract with DART in January 1994.  Gale-Sobel made payments of commissions to Davis Apparel on a
monthly basis at the inception of the contract.   Connie Davis, the principal of Davis Apparel, testified that she
felt she was entitled to receive a commission of 20 percent at the outset of
the contract.  She made several oral and
written demands to Gale-Sobel prior to May 1997 demanding the full payment of
commissions.  With respect to the jury’s
selection of a date in March 1994, there was evidence that Gale-Sobel forwarded
a written contract to Davis Apparel in early 1994 which provided for a
commission of 15 percent.  Connie Davis
marked through the provision for a 15 percent commission and entered a
commission of 20 percent in its place. 
Connie Davis also entered the date of “March 1, 1994” as the effective
date on the document and returned it to Gale-Sobel.  Accordingly, Davis Apparel’s first, second, third, and fourth
appellate issues attacking the evidence supporting the jury’s answer to the
limitations question  are
overruled.   We do not reach Davis
Apparel’s fifth and six appellate issues concerning the jury’s damage award in
light of our holding on the limitations question.  

We note
that Davis Apparel’s brief contains an alternative argument pertaining to the
trial court’s ruling on the limitations issue which is not expressly stated in
its appellate issues.  We are permitted
to consider this argument under the liberal rules of construction applicable to
briefs.  See TEX.R.APP.P. 38.9.  Davis Apparel asserts that the jury’s answer
to the limitations question does not support a judgment denying its claims for
damages for the entire term of the contract. 
Specifically, Davis Apparel argues that, irrespective of the jury’s
determination of when the earliest breach of the contract occurred, limitations
should not bar claims for damages arising after December 1, 1996.[2]  The evidence in the record demonstrates that
the parties treated their agreement as an installment contract whereby
Gale-Sobel made monthly payments of commissions to Davis Apparel.  As we noted in Slusser, a separate
cause of action arises for each missed payment under an installment
contract.   Slusser v. Union Bankers
Insurance Company, supra at 717. 
Accordingly, Davis Apparel’s claims for damages arising after December
1, 1996, were not barred by limitations. 


The trial
court’s judgment is affirmed with respect to Davis Apparel’s claims arising
from deficient commission payments made by Gale-Sobel prior to December 1,
1996.  The trial court’s judgment
regarding deficient commission payments made by Gale-Sobel after December 1,
1996, is reversed and remanded for trial. 
Since Gale-Sobel contested liability in the trial court, the issues of
liability and damages for payments made after December 1, 1996, are remanded
for a new trial pursuant to TEX.R.APP.P. 44.1(b).  Estrada v. Dillon, 44 S.W.3d 558, 562 (Tex.2001).  

 

W. G.
ARNOT, III

CHIEF
JUSTICE

June 18, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Davis Apparel asserts in its first issue that the
evidence conclusively established that the cause of action accrued in May
1997.  We address this contention in our
consideration of Davis Apparel=s Ano-evidence@
issue. 





     [2]Davis Apparel presented this complaint to the trial
court in a motion to modify the judgment.