# IN THE SUPREME COURT OF TEXAS

═══════════
No. 12-0038
═══════════

RANCHO LA VALENCIA, INC. AND CHARLES R. "RANDY" TURNER,
PETITIONERS,

v.

AQUAPLEX, INC. AND JAMES EDWARD JONES, JR.,
RESPONDENTS

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

**PER CURIAM**

This case is before us a second time. It concerns a business dispute between Rancho La Valencia, Inc. and Aquaplex, Inc.[1] In the earlier appeal, we held that the evidence of fraudulent intent by Rancho in connection with the execution of a memorandum of settlement agreement (MSA) was legally sufficient. 297 S.W.3d 768, 775 (*Rancho I*). We next analyzed the court of appeals' treatment of damages for fraudulent inducement of the MSA, and held that "some evidence supported an award of damages for fraud under the MSA, just not at the level awarded by the trial court." *Id.* at 777. We remanded the case to the court of appeals to "determine whether to remand

---

[1] Parties to the dispute also include Charles Turner, a principal in Rancho La Valencia, Inc., and James Jones, Jr., a principal in Aquaplex, Inc. For convenience herein, Rancho La Valencia, Inc. and Turner are collectively referred to as Rancho; Aquaplex, Inc. and Jones are collectively referred to as Aquaplex.

for a new trial on damages, or whether to suggest a remittitur," *id.* (citations omitted), and to consider other issues.

On remand, the court of appeals addressed certain previously unaddressed issues, and remanded the case to the trial court for a new trial on the issue of damages including punitive damages. The court declined to suggest a remittitur in light of the state of the record. 357 S.W.3d 137, 144.

Rancho now complains to us that the court of appeals should have remanded the case to the trial court for a new trial on both liability and damages, as Rancho requested in a motion for rehearing to the court of appeals. We agree. Texas Rule of Appellate Procedure 44.1 addresses reversible error in civil cases. Rule 44.1(b) provides in part: "The court [of appeals] may not order a separate trial solely on unliquidated damages if liability is contested." In this case, Rancho contested liability and the alleged damages are unliquidated. We stated in *Rancho I* that the court of appeals, on remand, must decide whether "to remand for a new trial on damages" or instead suggest a remittitur. We did not expressly state that, if the court of appeals concluded a remand to the trial court for a new trial was warranted, it must remand for a new trial on both liability and damages, but Rule 44.1(b) requires this result. Failure to comply with this rule is reversible error. *Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001); *Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex. 1996) (interpreting prior rule). Further, the Supreme Court, like the courts of appeals, "may not order a separate trial solely on unliquidated damages if liability is contested." TEX. R. APP. P. 61.2. Texas Rule of Appellate Procedure 2 provides that for good cause a rule of appellate procedure in a particular case may be suspended. But we did not indicate in *Rancho I* an intent to

suspend the operation of Rule 44.1(b) or Rule 61.2, and we do not see any good cause in this particular case for suspending the Rules.

The court of appeals has already decided not to suggest a remittitur in light of the state of the record; instead it simply remanded the case for a new trial. Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment insofar as it ordered a new trial on damages only, and remand the case to the trial court for a new trial on damages and liability on the claim for fraud under the MSA.

**OPINION DELIVERED:** October 26, 2012