**Reversed and Remanded and Opinion filed September 19, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00742-CV

---

### GARY GINN, Appellant

### V.

### ROBERT PIERCE, Appellee

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2016-04894**

---

## O P I N I O N

The plaintiff in this automobile-accident case appeals the trial court's denial of his motion for directed verdict, asserting that the trial evidence conclusively proved that the defendant's negligence proximately caused the two-vehicle collision. Concluding that the trial court erred in denying the motion for directed verdict, we reverse the trial court's judgment and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/defendant Robert Pierce was driving his Ford F-150 truck on Eldridge Parkway when an accident occurred that blocked Pierce from proceeding. Pierce stopped his truck, and appellant/plaintiff Gary Ginn stopped his vehicle behind Pierce's truck in the same lane. Pierce decided he did not want to wait for the traffic jam to clear, so he put his truck in reverse and backed up, causing his truck to hit Ginn's stationary vehicle.

Ginn sued Pierce asserting a negligence claim and seeking to recover damages based on personal injuries Ginn allegedly suffered as a result of the accident. At the jury trial, Pierce admitted that the accident "was totally his fault," but argued that fault is different from negligence and that Pierce had not been negligent.

After the close of the evidence, Ginn moved the trial court to grant a directed verdict on the liability portion of his negligence claim. The trial court denied the motion.

The trial court asked the jury whether Pierce's negligence proximately caused the occurrence in question. The jury answered "no," and did not answer the damages question, which the court had predicated on an affirmative answer to the liability question. Ginn did not file any post-verdict motions. Based on the jury's verdict, the trial court rendered judgment that Ginn take nothing.

## II. ISSUES AND ANALYSIS

**A.** **In determining whether the trial court erred in denying Ginn's motion for directed verdict, do we measure the sufficiency of the evidence against the charge given?**

In his first issue, Ginn does not challenge any trial-court ruling; instead, Ginn attempts to set the stage for his arguments under the second and third issues

that the trial court erred in denying his directed-verdict motion. Under the first issue, Ginn notes that no party objected to the liability question submitted to the jury. Ginn then argues that because this question contained a reference to "the negligence of [Pierce]" rather than "the negligence of [Pierce], if any," the question contained a finding by the trial court that Pierce was negligent, and the only issue submitted to the jury in the question was proximate cause. Ginn asserts that this court should measure the sufficiency of the evidence against the charge given to the jury, and he devotes the first issue to arguing the nature of the charge. Thus, we must determine whether in reviewing the trial court's denial of Ginn's directed-verdict motion, we should measure the sufficiency of the evidence against the charge submitted to the jury.

In a jury case, to preserve error on a "matter of law" issue or a "no evidence" issue, a party must raise the issue in one or more of the following procedural devices: (1) a motion for directed verdict, (2) an objection at the charge conference to the submission of the question to the jury, (3) a motion for judgment notwithstanding the verdict, (4) a motion to disregard the jury's answer, or (5) a motion for new trial. *See United Parcel Serv., Inc. v. Tasdemiroglu*, 25 S.W.3d 914, 916 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Ginn preserved error on his "matter of law" issue only by raising it in his motion for directed verdict and obtaining an adverse ruling. He did not attempt to preserve error under any of the other four means. In reviewing the trial court's ruling in cases in which appellant preserved error in one of these other ways, we measure the sufficiency of the evidence against the charge given if no party objected to the wording of the charge. *See Laxson v. Giddens*, 48 S.W.3d 408, 411 (Tex. App.—Waco 2001, pet. denied).

But, if an appellant preserves error on a "matter of law" issue or a "no

3

evidence" issue only by a motion for directed verdict, the trial court rules on the motion before the court has decided what charge it will submit to the jury and before the jury has rendered its verdict. An appellate court's review of the merits of a trial court's ruling is limited to the record in the trial court when the trial court ruled, and the appellate court does not consider events that occurred after the trial court's ruling. *See Perry Homes v. Cull*, 258 S.W.3d 580, 596 n.89 (Tex. 2008); *Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961); *Stephens Cnty. v. J.N. McCammon, Inc.*, 52 S.W.2d 53, 55 (Tex. 1932); *Baty v. Bowen, Miclette & Britt, Inc.*, 423 S.W.3d 427, 435 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Hiles v. Arnie & Co.*, *P.C.*, 402 S.W.3d 820, 827, n.7 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In this appeal, we are reviewing the trial court's denial of Ginn's motion for directed verdict. When the trial court denied this motion, the trial court had not determined what charge it would submit to the jury. Because the charge conference had not yet occurred, the trial court had not yet given the parties an opportunity to object to the charge that the trial court proposed for submission to the jury. In this context, we conclude that we do not review the "matter of law" issue asserted in the directed-verdict motion against the jury charge. *See Perry Homes*, 258 S.W.3d at 596 n.89; *Univ. of Tex.*, 344 S.W.2d at 429; *Stephens Cnty.*, 52 S.W.2d at 55; *Baty*, 423 S.W.3d at 435; *Hiles*, 402 S.W.3d at 827, n.7. Ginn's arguments under the first issue regarding the proper construction of the jury charge are not relevant to our determination as to whether the trial court erred in denying the directed-verdict motion. Thus, we overrule the first issue.

## B. Did the trial evidence prove as a matter of law that Pierce's negligence proximately caused the accident?

Under his second and third issues, Ginn asserts that the trial court erred in denying his directed-verdict motion and that the trial evidence proved as a matter

of law that Pierce's negligence proximately caused the accident. When, as in this case, a party moves for a directed verdict on an issue on which the party bore the burden of proof, the party must demonstrate that the trial evidence conclusively proved the matters at issue. *Nat'l City Bank of Indiana v. Ortiz*, 401 S.W.3d 867, 885 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In determining this issue, we consider the evidence in the light most favorable to Pierce and indulge every reasonable inference in Pierce's favor. *See City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the evidence did not prove that Pierce was negligent or that Pierce's negligence proximately caused the accident. *See id.* The factfinder is the only judge of witness credibility and the weight to give their testimony. *See id.* at 819.

In the context of today's case, "negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. *See 20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008). Proximate cause has two components — cause in fact and foreseeability. *See Transcontinental Ins. Co. v. Crump*, 330 S.W.3d 211, 222 (Tex. 2010). To establish cause in fact the evidence must show that Pierce's negligence, if any, was a substantial factor in bringing about the accident, and that without Pierce's negligence, if any, the accident would not have occurred. *See id.* at 222–23. Likewise, to be a proximate cause, the act or omission at issue must be such that a person using ordinary care would have foreseen that the accident, or some similar event, might reasonably

result therefrom. *See Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994).

The evidence consisted of testimony from Pierce and Ginn, a map showing the location of the accident, post-crash photos of Ginn's vehicle, and an affidavit under section 18.001 of the Civil Practice and Remedies Code containing an itemized statement of chiropractic services.

Pierce testified that he was driving his truck on Eldridge Parkway when he came upon the aftermath of an accident blocking the road. According to Pierce, he brought his truck to a stop but after one minute decided he did not want to wait for the traffic jam to clear; so he put his truck in reverse, touched the gas pedal, backed up about ten feet, and collided with Ginn's vehicle, which was directly behind Pierce's truck. Pierce claimed that before he started backing up, he looked in the side mirrors and the rear-view mirror and did not see Ginn's vehicle. When asked how Pierce did not see Ginn's vehicle when he looked in the mirrors, Pierce responded, "He was that close behind me. Narrow vehicle."

Pierce stated that he does not know what Ginn could have done to avoid the accident. Pierce testified that he did not hear Ginn blow his horn, nor did he hear any yelling. Pierce testified that the accident occurred around noon, when the weather was clear, and the roads were not wet. Pierce stated that he was not in danger from the accident ahead of him, and that there was no emergency at all.

Ginn's version of the events leading up to the collision was similar to Pierce's, except that Ginn testified that he honked his horn when Pierce's truck started to move backwards, and Ginn stated that Pierce told him after the accident that Pierce had not looked in his mirrors. Ginn testified that his vehicle was directly behind Pierce's truck, "[a]bout a car length behind." Ginn stated that his vehicle was not off to the side.

6

At trial and on appeal, Pierce has argued that he used ordinary care by looking in the side mirrors and the rear-view mirror before backing up. On appeal, Pierce states that it is likely that the reason he did not see Ginn's vehicle was that the vehicle was in Pierce's blind spot. But the blind-spot theory does not square with the undisputed facts.

We presume for the sake of argument that the jury discredited all of Ginn's testimony, including his statements that he blew the horn and that Pierce stated that he had not looked in the mirrors. Pierce testified that he put his truck in reverse, touched the gas pedal, backed up about ten feet, and collided with Ginn's vehicle, which was directly behind Pierce's truck. Pierce claimed that before he started backing up, he looked in the side mirrors and the rear-view mirror, and did not see Ginn's vehicle. The only explanation that Pierce had for not seeing the vehicle that was ten feet directly behind his truck was that "He was that close behind me. Narrow vehicle." The photographs of Ginn's vehicle that were admitted into evidence showed that it was not a "narrow vehicle." Even presuming that a reasonable fact finder could disregard these photographs, no reasonable factfinder could find that Pierce would not have seen Ginn's vehicle if Pierce had used ordinary care in looking in his rear-view mirror. *See State Highway Dept. v. Hinson*, 517 S.W.2d 308, 310–13 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.); *Jordan v. Walker*, 448 S.W.2d 837, 841–43 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.); *Hoey v. Solt*, 236 S.W.2d 244, 245–47 (Tex. Civ. App.—San Antonio 1951, no writ). Under the applicable standard of review, we conclude that the trial evidence proved as a matter of law that (1) Pierce failed to use ordinary care in backing up his truck; (2) if Pierce had used ordinary care, he would have seen Ginn's stationary vehicle and been able to avoid a collision with the vehicle; and (3) Pierce's negligence proximately caused the accident. *See*

7

*Hinson*, 517 S.W.2d at 310–13; *Jordan*, 448 S.W.2d at 841–43; *Hoey*, 236 S.W.2d at 245–47. Thus, the trial court erred in denying Ginn's motion for directed verdict. *See Hinson*, 517 S.W.2d at 310–13; *Jordan*, 448 S.W.2d at 841–43; *Hoey*, 236 S.W.2d at 245–47.

## C. Was the error in denying the motion for directed verdict harmful?

The trial court should have granted the motion, instructed the jury that Pierce's negligence proximately caused the accident, and submitted a damages question to the jury. Instead, the trial court submitted a liability question to the jury. Because the jury answered "no" to the liability question, the jury did not answer the damages question. Thus, the trial court's error in denying the motion for directed verdict probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Hoey*, 236 S.W.2d at 245–47. We conclude that the trial court reversibly erred in denying the motion.

## D. What is the proper appellate remedy?

If the reversible error affects part of, but not all of, the matter in controversy and that part can be separated without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. *See* Tex. R. App. P. 44.1(b). This court may not order a separate trial solely on unliquidated damages if liability is contested. *See id.* Ginn seeks to recover personal-injury damages that cannot be determined by reviewing the petition and written instruments on file. *See Clear Lake Center, L.P. v. Garden Ridge, L.P.*, 416 S.W.3d 527, 545 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Thus, Ginn seeks unliquidated damages. *See id.* Liability is contested if the defendant denies liability in the answer in the trial court. *See Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001). Pierce denied liability in his answer, at trial, and denies liability on appeal. Because liability is contested, this court may not order a separate trial

solely on damages. *See* Tex. R. App. P. 44.1(b); *Estrada*, 44 S.W.3d at 562; *Clear Lake Center, L.P.*, 416 S.W.3d at 545. Under Texas Rule of Appellate Procedure 44.1(b), we must reverse the trial court's judgment and remand for a new trial on liability and damages. *See* Tex. R. App. P. 44.1(b); *Estrada*, 44 S.W.3d at 562; *Clear Lake Center, L.P.*, 416 S.W.3d at 545.

### III. CONCLUSION

Ginn preserved error in the trial court on his "matter of law" issue only by means of a directed-verdict motion. In this context, we do not review the "matter of law" issue asserted in Ginn's directed-verdict motion against the jury charge. Ginn's arguments under the first issue as to the proper construction of the jury charge are not relevant to deciding whether the trial court erred in denying the directed-verdict motion.

The trial evidence proved as a matter of law that Pierce's negligence proximately caused the accident. The trial court reversibly erred in denying Ginn's directed-verdict motion. Because Ginn seeks to recover unliquidated damages and liability is contested, we may not order a separate trial solely on damages. We sustain the parts of the second and third issues in which Ginn asserts that the evidence proved Pierce's negligence and proximate cause as a matter of law.[1] We reverse the trial court's judgment and remand for a new trial as to liability and damages.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.

---

[1] We need not and do not address the remainder of these issues.