

# NUMBER 13-20-00023-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LUIS ENRIQUE GUEVARA,                                                    Appellant,

v.

AMADO GAMBOA,                                                           Appellee.

## On appeal from the County Court at Law No. 5 of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Silva**

Appellant Luis Enrique Guevara brought suit against appellee Amado Gamboa alleging Gamboa negligently caused an automobile accident and injured Guevara. After a jury trial, both parties moved for a directed verdict. Guevara attempted to use a prior written statement, filed with the court but not introduced into evidence, as conclusive proof

of his claim. Gamboa, on the other hand, moved for a directed verdict based on Guevara's failure to identify Gamboa as the alleged tortfeasor during trial. The trial court granted Gamboa's motion and entered a take-nothing judgment for Guevara. By one issue, Guevara challenges the trial court's ruling, alleging the trial court erred by failing to take judicial notice of the prior statement, despite not requesting the trial court to take judicial notice. We affirm.

## I. BACKGROUND

On February 9, 2018, Guevara filed an original petition against Gamboa. According to his petition, Guevara was stopped at a traffic light in his vehicle when Gamboa's vehicle struck him from behind, causing Guevara to sustain injury. On April 2, 2018, Gamboa filed a statement that reads:

> To whom it may concern,
>
> I, Amado Gamboa IV, would like to submit this as my official statement. I concede the fact that my actions were wrong. However, it is equally wrong for the plaintiff to attempt to use the situation for personal financial gain. The plaintiff has already made a claim to my insurance company and the plaintiff had my personal information and could have contacted me had there been any necessity for assistance or compensation for medical bills but did not. If there is a legitimate expense that my insurance did not cover for the plaintiff, I am willing to consider looking over and covering said expenses.
>
> Best Regards, Amado Gamboa IV

On May 25, 2018, Gamboa filed an original answer, containing a general denial and jury demand. A jury trial was held on September 16, 2019. The only witness to testify during trial was Guevara, and no exhibits were admitted. In relevant part, the following exchange occurred:

[Guevara's Counsel]:     What out of the ordinary occurred, if anything?

[Guevara]:     I was involved in a motor vehicle accident. A vehicle hit me from behind.

2

| [Guevara's Counsel]: | Talk as loud as you can. |
| [Guevara]: | I was involved in an accident. A vehicle hit me from behind. |

Guevara did not identify who was driving the vehicle that struck him, nor did he implicate Gamboa in any manner. Guevara and Gamboa both rested their cases in chief following Guevara's testimony.

After both parties rested, each moved for a directed verdict. Guevara sought a directed verdict based on Gamboa's counsel's opening statement in which he "admitted that [Gamboa] was at fault."[1] Gamboa's motion for a directed verdict was based on the lack of evidence implicating Gamboa. Guevara subsequently sought to include Gamboa's statement from April 2, 2018, where he "concede[d] the fact that [his] actions were wrong." The trial court denied Guevara's motion, noting that the statement was not presented as evidence and that opening statements are not evidence. *See Weslaco Fed'n of Tchrs. v. Tex. Educ. Agency*, 27 S.W.3d 258, 263 (Tex. App.—Austin 2000, no pet.) (holding that an attorney's opening statement was not evidence and did not constitute a judicial admission). After reviewing the record with the parties' attorneys, the trial court agreed that Guevara failed to present any evidence that implicated Gamboa as the tortfeasor, and granted Gamboa's directed verdict. This appeal followed.

## II. STANDARD OF REVIEW

The test for reviewing a directed verdict is the same as a review of legal sufficiency. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). In reviewing the granting of a

---

[1] It is unclear whether Gamboa's counsel admitted fault during opening statements; neither parties' opening statements were included in the reporter's record based on Gamboa's request that the reporter exclude them from the record. The appellant bears the burden of producing a sufficient record for appellate review. *See Enter. Leasing Co. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam).

3

directed verdict, we must determine whether there is more than a scintilla of evidence to raise a fact issue on each element of the plaintiff's claim. *Coastal Transp. Co. v. Crown Cent. Petroleum Corp,*, 136 S.W.3d 227, 233–34 (Tex. 2004). We consider all of the evidence in a light most favorable to the non-movant. *Id.* If the evidence supporting a finding on each element rises to a level that would enable reasonable and fair-minded people to differ in their conclusions, it constitutes more than a scintilla of evidence and the case must be reversed and remanded for a jury determination. *Id.* A directed verdict is proper "where the plaintiff fails to present evidence in support of a fact essential to [their] right to recover . . . ." *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 749 (Tex. App.—Corpus Christi–Edinburg 1998, pet. denied). A party's statements made during opening arguments are not evidence. *See Weslaco Fed'n of Tchrs.*, 27 S.W.3d at 263.

We review the granting of a directed verdict de novo. *Donald v. Rhone*, 489 S.W.3d 584, 588 (Tex. App.—Texarkana 2016, no pet.).

### III.   APPLICABLE LAW

#### A.   Negligence

The elements of negligence are: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff sustained damages proximately resulting from the breach. *EMI Music Mexico, S.A. de C.V. v. Rodriguez*, 97 S.W.3d 847, 858 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). Failure to present evidence in support of one of these elements is fatal to a plaintiff's claim. *Villegas*, 975 S.W.2d at 749.

#### B.   Judicial Notice

Texas Rule of Evidence 201 governs a trial court's ability to take judicial notice of an adjudicative fact. *See* TEX. R. EVID. 201. However, a court may not take judicial notice of a fact that is subject to reasonable dispute. *Id.* 201(b). Further, while a court may take

4

judicial notice of its own records, the court may not take judicial notice of the truth of the allegations in its records. *In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.); *see also In re I.B.*, No. 13-17-00098-CV, 2017 WL 2806779, *2 (Tex. App.—Corpus Christi–Edinburg June 29, 2017, no pet.) (mem. op) (providing same). A general denial is sufficient to place all matters pleaded by the adverse party into dispute. *See* TEX. R. CIV. P. 92; *Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001) (per curiam).

## IV. DISCUSSION

Guevara summarizes his argument by asserting that the trial court erred by failing to take judicial notice of Gamboa's statement even though it had not been entered into evidence, and even though Guevara did not request the court take judicial notice of the statement.[2] However, Guevara does not cite to any authority that would require a trial court to take judicial notice of a statement contained in the trial court's records. Rather, Rule 201 prohibits a court from taking judicial notice of a fact that is subject to reasonable dispute. TEX. R. EVID. 201(b). Further, while a court may take judicial notice of the pleadings on file, the court may not take judicial notice of the facts alleged in the pleadings on file. *See In re J.E.H.*, 384 S.W.3d at 870; *see also In re I.B.*, 2017 WL 2806779 at *2. Gamboa's general denial placed all elements of Guevara's claims in dispute, including liability. *See* TEX. R. CIV. P. 92; *Estrada*, 44 S.W.3d at 562. The trial court did not err by failing to take judicial notice of Gamboa's statement.

---

[2] Although Guevara's summary of the argument asserts the trial court erred on this basis, his argument fails to "contain a clear and concise argument" and lacks "appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). We note a party may forfeit his or her complaint due to inadequate briefing. See *id.*; *see, e.g.*, *Smith v. Smith*, 112 S.W.3d 275, 281 n.8 (Tex. App.—Corpus Christi-Edinburg 2993, pet. denied). Assuming, without deciding, that Guevara properly presented this issue for appellate review, we address his argument on the merits out of an abundance of caution. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004).

We further note that Guevara did not present any evidence that Gamboa caused or was otherwise involved in an accident with Guevara. *See Rodriguez*, 97 S.W.3d at 858. The jury could not consider statements made by Gamboa's counsel during opening arguments as evidence. *See Weslaco Fed'n of Tchrs.*, 27 S.W.3d at 263. Nor could it consider Gamboa's written statement, which was not offered into evidence at trial. Without any evidence that Gamboa owed or breached a duty to Guevara, there is not more than a scintilla of evidence to raise a fact issue as to breach. *Coastal Transp. Co.*, 136 S.W.3d at 233–34. Accordingly, the trial court properly denied Guevara's motion for directed verdict and granted Gamboa's. *See Villegas*, 975 S.W.2d at 749. Guevara's sole issue is overruled.

## V. CONCLUSION

The trial court's judgment is affirmed.

CLARISSA SILVA
Justice

Delivered and filed on the
25th day of February, 2021.

6