**Motion for En Banc Review Denied and Concurring Opinions filed March 18, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00169-CV

---

## IN THE INTEREST OF M.P., A CHILD

---

**On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Cause No. 18-CP-0111**

---

## OPINION CONCURRING IN THE DENIAL OF EN BANC REVIEW

I respectfully concur in the denial of en banc review but write separately on a point not briefed that could have future implications for the court.

## I.  The Majority's Erroneous Analysis of the Facts Is Not Sufficient Reason to Grant En Banc Review.

I agree with the reasons in the dissenting opinion as to why the majority did not analyze the facts correctly. However, this is not a reason to grant en banc review. By our rules, en banc consideration is disfavored and should not be ordered unless necessary "to secure or maintain uniformity of the court's decisions" or unless

"extraordinary circumstances" require en banc consideration. TEX. R. APP. P. 41.2(c). A decision based on the particular facts of a case, by its very nature, will not impair the uniformity of the court's decisions. It is limited to the facts.

## II. A Limited Remand Will Not Have the Effect the Majority Intends.

Parental termination cases are unique both in the way they are tried and in the way judgment is rendered. In addition, the law creates collateral consequences from prior judgments.

The Department of Family and Protective Services must prove both that the parent committed a "predicate act" and that termination is in the best interests of the child. A single predicate act, when coupled with a best-interests finding, is sufficient for termination. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1) and (b)(2). Section 161.001(b)(1)(M) provides that one of the predicate acts for termination is that the parent "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E). . ." *Id.* § 161.001(b)(1)(M); *see also id.* § 161.001(b)(1)(D) (authorizing termination where the parent committed the predicate act of having "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child"); *id.* § 161.001(b)(1)(E) (authorizing termination where the parent committed the predicate act of having "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child").

Because of the collateral consequences of section 161.001(b)(1)(M), the Supreme Court of Texas in *In re N.G.* instructed the intermediate appellate courts to review the trial court's (D) and (E) findings, even if the appellate court concluded that the evidence under a different subsection was sufficient to support termination. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019).

Here, the majority concluded that the evidence was legally and factually sufficient as to support a finding as to one predicate act—subsection (O)—and that termination was in the child's best interest. *See id.* §§16.001(b)(1)(O) and (b)(2). They therefore affirmed the termination of Father's parental interest in the child.

In accordance with *In re N.G.*, the majority also reviewed the trial court's predicate findings under subsections (D) and (E). While finding the evidence legally sufficient to support termination under these subsections, the majority concluded that the evidence was factually insufficient to support the trial court's findings under subsections (D) and (E). They therefore "remanded the case for a new trial limited to those grounds." It is this factual-insufficiency remand that I question.

In *In re N.G.*, the Supreme Court of Texas did not specify how an appellate court should dispose of a case under these circumstances. Normally, the appellate remedy for factual insufficiency is to reverse the judgment and remand the case for a new trial. *See, e.g.*, *In re Doe*, 501 S.W.3d 313, 323 n.16 (Tex. App.—Houston [14th Dist.] 2016, no pet.). But here, the judgment terminating Father's parental rights has been affirmed, not reversed.

Remand under these circumstances is an odd duck, to say the least. First, the case would appear to be moot, given that the Department has already received all of the relief to which it is entitled. If, on remand, the trial court again finds that Father committed a predicate act under subsections (D) or (E), would such a stand-alone factual finding even be possible, given that the *judgment* of termination has already been affirmed? Is a standalone finding even appealable, or is it simply immaterial because it is not the finding on which the already-affirmed judgment was based?

Moreover, what would be the effect of a such a finding in a subsequent case to terminate a parent's rights to another child? Subsection (M) does not treat a mere factual finding under (D) or (E) as a predicate act; it is only a *termination* under (D)

3

or (E) that serves as a predicate act. Thus, even if on remand the trial court were to again find that Father committed a predicate act under (D) or (E), it could not be the case that Father's rights to M.P. were terminated on those grounds.

By ordering a limited remand as to one factual finding, the majority has created a situation analogous to the separation of contested liability (the predicate act) from unliquidated damages (the remedy, i.e., termination). But where liability is disputed, liability and unliquidated damages cannot be tried separately (although most cases discuss the reverse situation, where only damages are reversed). *See* TEX. R. APP. P. 44.1(b); *Estrada v Dillon*, 44 S.W. 3d 558, 560 (Tex. 2001).

I believe the limited remand also is contrary to Texas Rule of Appellate Procedure 43.2, which details the types of judgments available to a court of appeals. Under this rule, a remand is available only if the appellate court has reversed the trial court's judgment. *See* TEX. R. APP. P. 43.2(d). There can be only one judgment of termination, and having affirmed that judgment, a remand for a new stand-alone fact finding is not permitted by the rules.

It seems to me that this limited remand also runs afoul of the election-of-remedies doctrine. Assume a plaintiff successfully sought the same measure of actual damages under theories of both fraud and breach of contract, then elected to recover under the fraud theory because it allowed the plaintiff to recover exemplary damages as well. *See Credit Suisse AG v. Claymore Holdings, LLC*, 610 S.W.3d 808, 823 (Tex. 2020). Assume further that the court of appeals concluded that the evidence was factually insufficient to prove fraud but that the breach-of-contract findings can stand. Could the court affirm the judgment under the breach-of-contract theory while remanding the fraud claim alone? No—not if both the alleged breach of contract and fraud resulted in the same injury and an election was required. But could a plaintiff ask for a new trial on both causes of action in the hope of again

4

securing the greater relief of exemplary damages? Yes. *Cf. Starkey v Graves*, 448 S.W.3d 88, 113 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Finally, the limited remand runs counter to the portion of Texas Rule of Appellate Procedure 44.1(b) that states, "If the error affects part of, but not all, the matter in controversy *and that part is separable without unfairness to the parties*, the judgment must be reversed and a new trial ordered only as to the part affected by the error." TEX. R. APP. P. 44.1(b) (emphasis added). I suspect that the reason the Supreme Court of Texas did not state in *In re N.G.* how an appellate court should proceed if the evidence were found to be factually sufficient to support findings under subsections (D) or (E) is that Rule 44.1(b) already supplies the answer.

For all the reasons discussed above, I would hold that separating the termination of Father's parental rights under Texas Family Code § 161.001(b)(1)(O) from the termination of his rights under subsections (D) and (E) cannot be accomplished without unfairness to the parties.

### III. The Solution Is to Modify the Judgment, Allowing the Department the Election of a New Trial Through a Motion for Rehearing.

The Department sought a single remedy—termination of Father's parental rights—on multiple grounds, but the judgment cannot be affirmed on grounds that were successfully challenged for legal or factual insufficiency, nor can the various grounds be tried separately without unfairness to the parties; thus, the correct disposition is to modify the judgment to affirm the judgment only under subsection (O).

The Department nevertheless is entitled to elect a new trial on the entire case, and it can make that election through a motion for rehearing. *Cf. Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988) (litigant who has no reason to complain in the trial court can raise an issue on rehearing regarding an

alternate ground of recovery). But, it is not entitled to both an affirmance on one ground and a remand of different grounds.

/s/      Tracy Christopher
             Chief Justice

The En Banc Court consists of Chief Justice Christopher and Justices Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, Poissant, and Wilson (Spain, J., concurring, joined by Bourliot, J.).