ACCEPTED
15-25-00217-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/8/2025 11:45 AM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00217-CV

IN THE

**COURT OF APPEALS**

for the

**FIFTEENTH DISTRICT OF TEXAS**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/8/2025 11:45:53 AM
CHRISTOPHER A. PRINE
Clerk

CEDRIC M. SCOTT, PhD,
*Appellant*

v.

GENERAL LAND OFFICE OF THE STATE OF TEXAS,
*Appellee*

On Appeal from the 250TH Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-25-000005

**APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S
MOTIONS TO STRIKE AND FOR SANCTIONS**

GUNNAR P. SEAQUIST
Texas Bar No. 24043358
SARA LABASHOSKY
Texas Bar No. 24129467
BICKERSTAFF HEATH DELGADO ACOSTA, LLP
Two Barton Skyway
1601 S. MoPac Expressway, Suite C400
Austin, Texas 78746
(512) 472-8021 (Tel.)
(512) 320-5638 (Fax)
gseaquist@bickerstaff.com
slabashosky@bickerstaff.com

**ATTORNEYS FOR APPELLEE**

TO THE HONORABLE COURT OF APPEALS:

Appellee, the Texas General Land Office, ("Appellee" and/or "TGLO"), and pursuant to Texas Rule of Appellate Procedure 10.1(b), hereby files its Response in Opposition to Appellant's Motion to Strike and For Sanctions and in support thereof respectfully shows the Court as follows:

1. Although the underlying confusion and manifest error of the *pro-se* Appellant's motions are apparent on their face, out of an abundance of caution, TGLO files this brief response in opposition.

**A. Appellant's Motion to Strike offers neither a colorable challenge nor a meaningful response to TGLO's Motion to Dismiss.**

2. In its motion to dismiss, TGLO offered arguments and authorities for the uncontroversial proposition that this Court lacks jurisdiction over this appeal, which is not taken from a final judgment or otherwise appealable interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

3. Appellant's Motion to Strike ignores that fundamental jurisdictional defect. Instead, Appellant argues that TGLO's motion must be dismissed because (1) "It rests entirely on the orders entered by a judge who was aware at the time of his appointment that he was legally disqualified but did not recuse himself until November 21, 2025;" (2) "GLO has never answered the operative Second Amended Petition and remains in procedural default;" and (3) there is no valid waiver or consent that exists to support dismissal." Each of these points of contention is not

2

only wrong, but is also irrelevant to the Court's lack of jurisdiction over Appellant's attempt to appeal unappealable orders.

4.      In point of fact, although the trial judge in this case has voluntarily recused himself under Texas Rule of Civil Procedure 18b(b), he has not been disqualified under Rule 18b(a). Regardless, it is Appellant that invokes the trial court's orders as the basis for her appeal. Appellee's motion to dismiss simply points out the jurisdictional defect in Appellant's doing so. *Lehmann*, 39 S.W.3d at 195; *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 855 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (Dismissing for lack of jurisdiction because the appeal was not from a final judgment or an interlocutory order made appealable by statute).

5.      Appellant's "procedural default" argument is equally unavailing, as it is based on the faulty premise that, despite having already asserted a general denial, TGLO was required to file an amended answer in response to Appellant's amended petition. Of course, Texas Rule of Civil Procedure 92 belies that suggestion, as it plainly states: "Where the defendant has pleaded a general denial, and the plaintiff shall afterward amend his pleading, such original denial shall be presumed to extend to all matters subsequently set up by the plaintiff." TEX. R. CIV. P. 92; *see also*, *e.g.*, *Estate of Jenkins*, No. 06-25-00021-CV, 2025 WL 2972416 at *6 (Tex. App.— Texarkana, October 22, 2025, no pet. h.) (holding that a general denial applies to an amended petition); *Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001) (per curiam)

("If a party files a general denial in the trial court, that pleading puts a plaintiff to his or her proof on all issues, including liability…"). The rules and cases Appellant cited are not even remotely on point and provide no support for her position.[1]

6.      Finally, Appellant's contention that there is no "consent or waiver" that supports dismissal again misunderstands that it is Appellant's burden to invoke the Court's appellate jurisdiction. Because Appellant appeals from non-final orders for which there is no statutory exception allowing an interlocutory appeal, the Court must dismiss the appeal for want of jurisdiction regardless of Appellant's consent or opposition.

**B.      It is Appellant's Motion for Sanctions that is frivolous.**

7.      Appellant's Motion for Sanctions is predicated primarily on the same frivolous contentions as her Motion to Strike. She alleges that TGLO's motion to dismiss has no reasonable legal basis and misstates controlling principles but offers no colorable basis for either contention. Rather, Appellant simply reiterates her

---

[1] Appellant contends that "[u]nder Texas R. Civ. P. 62-65, an amended pleading that alleges new matters requires a new answer," but those rules say nothing of the sort. Rules 62-65 simply address pleading amendments generally and do not undercut Rule 92's pronouncement that a general denial is effective as to subsequent amendments. The cases Appellant cites are also inapposite, as neither considered, much less concluded, that a general did not extend to subsequent amendments. To the contrary, *Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979), dealt with the unrelated question of whether a plaintiff's trial amendment—made after the defendant had left the trial—was sufficient to support the final judgment. Similarly, *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 493-94 (Tex. 1998), addressed the sufficiency of the plaintiff's pleadings to support a default where the defendant *had not answered at all*. These cases lend no credence to Appellant's position here.

4

unfounded contentions that TGLO's motion to dismiss was improperly predicated on an order below and that TGLO is somehow precluded from seeking dismissal of this appeal because it did not reassert its general denial to answer her subsequent pleading amendments. Each of Appellant's contentions flies in the face of well-settled Texas law and lacks even an arguable good faith foundation in rule or precedent. TGLO recognizes that Appellant is *pro se*, but *pro-se* litigants are held to the same standards as a licensed attorney and are required to comply with applicable laws and the rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978); *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). Consequently, Appellant should be cautioned that future frivolous filings could subject *her* to sanctions.

WHEREFORE, Appellee, Texas General Land Office, respectfully requests that Plaintiff's motions be denied and that the Court grant its Motion to Dismiss this Appeal for Lack of Subject Matter Jurisdiction and dismiss this appeal.

Date: December 8, 2025.

Respectfully submitted,

BICKERSTAFF HEATH
DELGADO ACOSTA LLP

By:

_____
GUNNAR P. SEAQUIST
State Bar No. 24043358

5

Two Barton Skyway
1601 S. MoPac Expressway, Suite C400
Austin, Texas 78746
(512) 472-8021 (Tel.)
(512) 320-5638 (Fax)
gseaquist@bickerstaff.com
SARA LABASHOSKY
State Bar No. 24129467
slabashosky@bickerstaff.com

**ATTORNEYS FOR APPELLEE**
**TEXAS GENERAL LAND OFFICE**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing **Response in Opposition to Appellant's Motions to Strike and for Sanctions** was forwarded via email service provider on this, the 8th day of November, to the following parties of record:

Cedric M. Scott, PhD
901 Hidden Valley Drive, #9204
Round Rock, Texas 78665
cedricscott41@gmail.com

**APPELLANT** *Pro se*

By: _____
    GUNNAR P. SEAQUIST

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeffrey Moore on behalf of Gunnar Seaquist
Bar No. 24043358
jmoore@bickerstaff.com
Envelope ID: 108829519
Filing Code Description: Other Document
Filing Description: APPELLEES RESPONSE IN OPPOSITION TO APPELLANTS MOTIONS TO STRIKE AND FOR SANCTIONS
Status as of 12/8/2025 11:58 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gunnar Seaquist | | gseaquist@bickerstaff.com | 12/8/2025 11:45:53 AM | SENT |
| Jeffrey Moore | | jmoore@bickerstaff.com | 12/8/2025 11:45:53 AM | SENT |
| Sara Labashosky | | slabashosky@bickerstaff.com | 12/8/2025 11:45:53 AM | SENT |
| Cedric M.Scott | | cedricscott41@gmail.com | 12/8/2025 11:45:53 AM | SENT |